A. P. OLIPHANT V. JAMES L. DALLAS.

Where the citation was directed to and served by the Coroner, and the defendant moved to quash the citation and service, whereupon the plaintiff amended his petition, by alleging that he was Sheriff at the institution of the suit and still is, and the Court overruled the motion to quash; Held that where there is no Sheriff, or the Sheriff is a party, the Clerk may act on his own knowledge, in issuing the process to the Coroner, and that although it would be the better practice to allege the fact in the petition, it is not essential, or if so, might be supplied by amendment, as in this case.

Where a promissory note was payable on or before the first of March, and suit was instituted thereon on the second of March, and the defendant moved to quash the citation and service, which motion being overruled, defendant gave notice of appeal, and suffered judgment to go by default, it was held, on the appeal, that the suit was not premature; it would therefore seem that, *prima facie*, promissory notes are not between merchant and merchant, their factors and agents, and therefore not entitled to grace, under the Statute.

Appeal from Washington. Suit by appellee against appellant, commenced March 2d, 1845, on a promissory note payable on or before the 1st of March, 1855. The citation was directed to, and served by the Coroner; the defendant moved to set aside the citation and service on the ground,

1st. That it was neither directed to nor executed by any officer known to the law for such purposes.

2d. That it was illegal and void.

3d. That no authority is shown in the Coroner to execute said writ.

Plaintiff amended his petition by alleging that he was Sheriff at the time of the institution of the suit, and still is.

Motion to quash overruled. Defendant gave notice of appeal. Judgment by default. Appeal bond, &c.

*J. D. & D. C. Giddings*, for appellant. There was no affidavit, nor even allegation in the petition, that the Sheriff was disqualified. (Hart. Dig. Art. 165, 166, 684.)

The defendant had until the 4th day of March to pay the note.

*Bassett & Bassett*, for appellee. The Court judicially knows its own officers ; it does not know their partialities, prejudices and affinities. In the one case, the Court awards the process to the Coroner, upon its own judicial knowledge ; in the other, it acts upon the information conveyed by the affidavit of the party, as required by the Statute. (Hart. Dig. Art. 185, 186 ; 1 Chit. Pl. 220 ; 1 Greenl. Ev. p. 9. Sec. 6 ; 1 Chit. Pl. 214.)

But again, the appearance of the defendant would have cured the service, had it been deficient.

Besides, the amendment to the petition had relation back, and rendered the service a good one.

In relation to the second ground of error assigned, it is only deemed necessary to direct the attention of the Court to the provision in Art. 2533, Hart. Dig., which confines the allowance of three days' grace to contracts between merchant and merchant.

The appellee suggests that this case was brought up for delay only, and prays an affirmance with damages.

HEMPHILL, CH. J. The errors assigned are;

1st. The refusal of the motion to quash the service and citation.

2d. The action was premature, the note not being due at commencement of suit.

The Sheriff of the county was the plaintiff, and the writ was addressed to the Coroner, and the substance of the objection to the writ is, that it was addressed to and served by the Coroner, there being no affidavit, nor even allegation in the petition, that the Sheriff was a party to the action.

The necessity of such affidavit or allegation is supposed to be apparent from the provisions of the 185th and 186th Arts. of the Digest. The first of these enjoins it as a duty upon the Coroner, to execute and return all process, where the Sheriff is a party, or where just exceptions can be taken to the Sheriff or his deputies, or where there is no Sheriff.

The second requires the Clerk to direct process to the Coroner in all cases where affidavit is filed of the partiality, prejudice, consanguinity or affinity of the Sheriff.

Under these provisions, there is a distinction between cases in which the Sheriff is a party, or where there is no Sheriff, and cases in which he is incompetent from partialities or affinities. The fact that he is Sheriff, or that there is no Sheriff, is presumed to be known to the Clerk, and no proof of such fact is required or directed, but his prejudices and affiinities may not be known, and information of such facts is to be conveyed to the Clerk by affidavit. In the former case, the Clerk may act on his own knowledge ; but in the latter, on proof from others.

There was no error, then, in the Clerk directing the process to the Coroner, (the Sheriff being a party to the suit,) although there was no affidavit that such party was the Sheriff of the county.

Nor was there any error for want of an averment in the petition, that the plaintiff held the office of Sheriff. The Statutes nowhere require such averment as prerequisite to authority in the Clerk to direct process to a Coroner or Constable. This would doubtless be the better practice, but the omission is not fatal, and may, if required, be supplied by amendment, as was done in the case under review.

The conclusion is, that there was no error in refusing to quash the citation or service, and the judgment cannot upon that ground, be disturbed. ·

Nor was the action premature, as supposed in the second assignment. The suit was brought on the day after the maturity of the note, and days of grace are by Statute not allowed except on contract between merchant and merchant, their factors and agents. (Art. 2533, Hart. Dig.)

The judgment is ordered to be affirmed.

Judgment affirmed.