GEORGE M. COX v. AUGUST REINHARDT.

1. ATTACHMENT SUIT—PRACTICE.—An attachment suit may be brought upon a debt not due, yet when brought on such debt, or upon a debt overdue, the attachment should be quashed, and, if no other cause of action remains, the case should be dismissed.

2. MATURITY OF PROMISSORY NOTES.—Suit cannot be instituted upon a note on the day it is payable, save by attachment, and as upon a debt not due.

ERROR from Anderson. Tried below before the Hon. John G. Scott.

On May 20, 1872, Aug. Reinhardt brought suit against George M. Cox, on a promissory note payable on same day for two hundred dollars, and for twenty dollars for work and labor. At same time affidavit for attachment was filed, alleging, as did the petition, that Cox was *justly* indebted to petitioner in the sum of two hundred and

twenty dollars, and that Cox is about to transfer his property for the purpose of defrauding his creditors, &c.

The attachment was issued and levied on four mules.

Defendant excepted to the petition and to the attachment proceedings, because suit was instituted and attach. ment sued out as upon an overdue debt, and defendant urged other pleas to the merits.

The exceptions of defendant were overruled, and judgment rendered for the amount of the note, and an order for sale of the property seized in attachment.

Motion for new trial was overruled, and defendant prosecutes a writ of error.

*T. J. Word,* for plaintiff in error.

*T. L. Gammage,* for defendant in error.

MOORE, ASSOCIATE JUSTICE.—It clearly appears upon the face of the petition of Reinhardt, the plaintiff in the District Court, that the note for two hundred dollars was not due when he brought his suit upon it. It has been held by this court that days of grace were only allowed by our former statute on bills and notes assignable and negotiable by law, which are contracts between merchant and merchant, their factors and agents. (Oliphant *v.* Dallas, 15 Tex., 138; Moore *v.* Hollaman, 25 Tex. Supp., 81; Campbell *v.* Lane, 25 Tex. Supp., 93.) But no such distinction is made by the present statute. (Pas. Dig., art. 234.)

If, however, the debtor was not entitled to the days of grace allowed by the statute on this note, it would not alter the result. It would still be obvious that the suit was prematurely brought, on a demand not due, unless it was warranted by the attachment, which was obtained contemporaneously with the bringing of the suit. The debtor had the entire day upon which the note fell due, and upon which the suit was brought within which to pay it. Con-

sequently suit could not be brought on the mere ground of the debtor's default in its payment when due until the next day.

This suit, however, was commenced by attachment. And it is not to be questioned that suits may be brought in this manner, although the debt or demand upon which it is founded be not due at the time the petition is filed and the attachment issues. (Pas. Dig., art. 154.) But when this is done, the petition and affidavit for attachment should show when the debt will be due, so that the action of the court may conform to the facts of the case. If the suit is brought as if it was for a debt past due, and it is so averred in the affidavit for the attachment, and such is not the fact, the affidavit will not justify or support the attachment, and it should be quashed. And if there is no other cause of action disclosed in the petition, matured at the commencement of the suit, upon which it can proceed, it must be held to be dependent upon the attachment, and must fall with it, and should be dismissed. (Sydnor v. Totman, 6 Tex., 189; Stowe v. Sewall, 3 Stew. & Port., 67; Benson v. Campbell, 6 Port., 455; Tobias v. Wood, 1 McMull., 103.)

There was no direct and specific motion made to quash the attachment, as is the usual and better practice. But the defects in the petition and affidavit were distinctly pointed out and called to the attention of the court by special exceptions, which we think was sufficient. The court, however, overruled the exceptions; and in this there was error, for which the judgment must be reversed.

The fact that the debt lacked only four days at most of being due when the suit was brought, and as no action of the court could be taken in the case beyond the seizure of the property before the debt would be due, and, therefore, it cannot be seen that any material injury has resulted to the debtor from the defects in the petition and affidavit for attachment, does not, in our opinion, warrant a departure from the long and well-established rule re-

quiring a strict observance of all the requirements of the law by those who are seeking to enforce their demands by the aid of this stringent and harsh writ.

Notwithstanding the suit was improperly brought, and if not otherwise aided must fall with the attachment, yet as the plaintiff's demand was past due when the exceptions were filed, and as, under a practice which has been recognized in our courts, he might, on the payment of the costs, have by amendment proceeded with the case without the attachment, we think we are warranted in reversing and remanding the cause to the District Court, instead of reversing and dismissing it, as in strictness would be more regular; and it is so ordered.

REVERSED AND REMANDED.