No. 2361.

F. M. DONNELLY *v.* MAX ELSER.

1. ATTACHMENT.—When the petition, for attachment and the affidavit thereto states the same sum of money as being due from the defendant, on account consisting of many items which is attached to the petition as an exhibit, and it is found that by correctly adding up the items, they do not aggregate by a small amount the sum alleged to be due, the variance will not vitiate the writ.

2. SAME.—An amendment to a petition for attachment varying the date on which the original petition alleged that the debt was due, will not vitiate the attachment.

Opinion of the court.

3. ATTACHMENT BOND.—It can not be assumed as matter of law that the conjunction of two names signed as sureties to an attachment bond, as is usual in the style of partnership, represents a partnership consisting of two persons. If it did, and the partnership name was thus signed to an attachment bond, it would not necessarily vitiate the bond. In such case the presumption would be, that the officer who took the bond satisfied himself that the member of the firm who signed the partnership name, had authority to sign it.

4. BOND SURETY.—Whenever the authority of one who signs a partnership name to an attachment bond is questioned, it should be done by plea raising an issue of fact, and not by motion.

5. ATTACHMENT BOND.—It is hazardous and tends to complicate the rights of parties in proceedings by attachment, for the officer to receive a partnership as surety on an attachment bond. The necessity of legislation on the subject suggested.

APPEAL from Ellis. Tried below before the Hon. Anson Rainey.

*Shepard & Miller* and *Lancaster & Maxwell*, for appellant: The court erred in overruling appellant's motion to quash affidavit for attachment, because of variance in amount stated in affidavit and petition, cited Joiner v. Perkins, 59 Texas, 300.

The court erred in overruling appellant's motion to quash the affidavit for attachment because plaintiff's petition and affidavit show that at the time suit was instituted and attachment was issued the plaintiff's demand was not all due, and fails to state correctly when the same would become due, cited Marshall v. Alley, 25 Texas, 342; Cox v. Reinhardt, 41 Texas, 591; Espy v. Heidenheimer, supra; Evans v. Tucker, 59 Texas, 250.

A writ of attachment can not issue for a greater amount than plantiff's demand; citing Evans v. Lawson, Smith & Co., 65 Texas, 201.

The court erred in overruling defendants motion to quash plaintiff's attachment bond, because it is not signed by two good and sufficient sureties as required by law.

The sureties on the attachment bond are M. B. Templeton and Arnold & Shelton; citing Revised Statutes, article 156.

*M. B. Templeton,* for appellee.

STAYTON, ASSOCIATE JUSTICE. Appellee instituted this suit in the district court of Ellis county on the thirteenth day of January, 1887, to recover the sum of eight hundred and sixty-two dollars and eighty-six cents for goods, wares and merchan-

dise sold and delivered to appellant by appellee, and on the same day filed affidavit and bond for, and procurred a writ of attachment, and caused the same to be levied upon a certain stock of drugs in the city of Waxahachie as the property of appellant.

It was alleged in the petition as well as in the affidavit made to obtain the attachment, that seven hundred and twenty-two dollars and seventeen cents, was due January 1, 1887, and that one hundred and forty dollars and sixty-nine cents, would become due February 1, 1887.

The appellee filed an amended petition on March 11, 1887, in which he alleged that the several items which aggregated seven hundred and twenty-two dollars and seventeen cents, fell due on dates between January 1 and 13, 1887, and that a part of the items aggregating one hundred and forty dollars and sixty-nine cents, became due on dates other than February 1. The amount due and that was to become due at the institution of the suit remained the same however. An itemized account was filed with the petition, from which, as the footings then appeared, the aggregate was as claimed in the petition, but it seems that the correct aggregate was eight hundred and fifty-four dollars and ninety-eight cents.

The appellant moved to quash the attachment, 1, because of variance between the petition and affidavit as to the aggregate sum due and to become due; 2, because the petition and affidavit stated that the amount was not all due, and failed to state correctly when it would become due; 3, because the attachment was issued for a greater sum than plaintiff's demand; 4, because the bond for attachment was not signed by two good and sufficient sureties. The principal and one surety signed the bond, and then followed immediately the names of "Arnold & Shelton." The direct averment of the petition was that the defendant was indebted to the plaintiff in the sum of eight hundred and sixty-two dollars and eighty-six cents, which it was alleged was due, and would become due, just as the affidavit alleged. There was no variance in this, although the footing of the long itemized account, when correctly made, would not aggregate, by a few dollars, the alleged and sworn indebtedness.

The statute requires a plaintiff seeking an attachment to make, an affidavit that "The defendant is justly indebted to the plaintiff, and the amount of the demand." The plaintiff in the petition and in the affidavit stated the same sum as the amount of the demand, and the fact that the sworn account made an exhibit

and intended to be used in evidence, did not aggregate so much, did not vitiate the attachment. It has never been held that a failure to state the amount of the demand as subsequent judicial investigation may find it to be, will vitiate an attachment. The purpose of the affidavit as to amount of the demand is chiefly to furnish data for fixing the amount of the attachment bond, and to enable the clerks so to frame the writ as to authorize the officer to whom it is directed to seize enough, and no more than will be necessary to satisfy the demand of the plaintiff and the probable costs of the suit.

The petition stated that a certain part of the entire sum claimed to be due was due on January 1, 1887, and the amendment so varied this as to allege that the same sum was due before the filing of the suit on the thirteenth of that month, and it further stated when the sum not due when the action was brought would become due. These were matters subject to amendment at any time before the trial began, and in no manner affected the validity of the attachment. The right to an attachment does not depend on the fact that the debt sued for is due, yet it has been held that, if all the claims be not due, the affidavit should show how much has matured and how much has not. (Cox v. Rinehardt, 41 Texas 591; Evans & Martin v. Tucker, 59 Texas, 250.) In this case these facts were alleged in the pleadings and stated in the affidavit. The plaintiff's demand was the sum alleged and sworn to be due and to become due, and the attachment did not issue for a sum greater than the aggregate of these.

It is urged that one of the sureties on the attachment bond was a partnership and that this vitiated the bond. We can not assume from the fact that one of the sureties signed as "Arnold & Shelton," that this name or style represents a partnership; for it is frequently the case that one person does business under a name or style which would indicate that more than one person was interested in it. It is doubtless true, that one member of a copartnership has no authority by virtue solely of the partnership, to bind the firm as surety in a matter not affecting the partnership itself; but it is equally true that one member of a firm by consent of his copartner may bind the firm as surety in a matter in which the partnership has no interest whatever. The power of a partnership is not limited, as is that of a corporation, to the transaction of such business as falls fairly within the purposes for which it was entered into, but by con-

sent of its members may extend to any transaction not forbidden by law. It may become surety for the payment of the debt or undertaking of another. If it be conceded that "Arnold & Shelton" was the name or style of a partnership composed of two or more persons, to hold the bond invalid because the firm appears to be the surety, we would have to assume that the bond was executed by a member of the firm without the consent or authorization of his copartners.

There is no presumption of law or fact that this is true; but on the contrary the presumption, in the absence of evidence to the contrary, is that the officer whose duty it was to pass upon the sufficiency of the sureties, made inquiry and satisfied himself that the person who signed for "Arnold & Shelton" had authority so to do. Such has been the ruling elsewhere. (Danforth v. Carter, 1 Iowa, Cole's Edition, 563; Churchill v. Fulliam, 8 Iowa, 47; Cunningham v. Lamar, 51 Georgia, 575.) The motion is based solely on what appears upon the face of the bond, and raised no issue of fact on which an inquiry could, have been made as to the authority of the person who signed the bond, to bind a partnership doing business under the name or style of Arnold & Shelton.

It would seem that in any case in which the authority of one to sign a firm name as a surety to such a bond approved and filed, is questioned, that this should be done by some plea raising an issue of fact, and not by a motion which goes only to the sufficiency of the papers as they appear. (Messner v. Hutchins, 17 Texas, 602; Wright v. Smith, 19 Texas, 299; Drake on Attachments, 133.) No such plea was filed. If such a plea had been filed, and on inquiry it had been found that "Arnold &. Shelton" was the style of a partnership composed of two or more persons, and that this was signed by one member of the firm without authority from his copartners so to sign it, then the attachment and all proceedings under it should have been set aside.

The fact that such a result may ensue when the name and style of a partnership is signed to an attachment bond, is a very good reason why a clerk should not receive a bond having on it as surety a name which seems to be the name or style of a partnership.

A bond thus signed ought to be rejected by the officer whose duty it is to approve the bond; for he ought not to imperil the rights of parties by undertaking to pass upon the power of one.

partner to bind his firm as surety, which will most frequently involve a question of law, and in all cases complicate inquiries of fact which he ought not to assume to decide. He must inquire who are the members of the firm, and whether they have all consented that it shall become surety in the given case. If some or all the members of a firm are willing to become sureties they can sign or cause to be signed their own names, and thus avoid all question. Legislation upon this matter may be desirable. In the case of Frees v. Baker, decided at the last Austin term, it was held that an appeal bond signed with a partnership name as surety was not sufficient. On an appeal bond it may become necessary for this court to render a judgment, and in such case there would be nothing in the record, when the partnership name alone is signed as surety, to enable this court to render such a judgment as ought to be rendered. To enforce a liability upon an attachment bond, however, the party seeking to enforce it, either by way of reconvention or original action, would have an opportunity to allege who composed the firm whose name appeared as surety, and thus furnish the trial court with the information necessary to enable it to render a judgment against the proper parties.

The judgment will be affirmed.

*Affirmed.*

**Opinion delivered December 2, 1887.**