EIKEL & BRENSTEDT v. F. A. HANSCOM.

(No. 6053.)

APPEAL from McLennan County.   Opinion by WHITE, P. J.

HENRY PICKLES, counsel for appellants.

ANDERSON, FLINT & ANDERSON, counsel for appellee.

§ 473. *Attachment bond; not invalid because signed by partnership as surety; case stated.* Appellants insti-

tuted suit against appellee to recover an alleged indebtedness, and sued out an attachment, which was levied on appellee's property. The attachment bond was signed by appellants as principals, and by Tom Padgitt, J. Shapera & Co. and Hersfell & Cameron as sureties. On motion of appellee the attachment bond was quashed, upon the ground that there was but one legal surety thereto; the other two proposed sureties being commercial firms, or partnerships. Judgment was rendered in favor of appellants for their debt, interest and costs. *Held:* The court erred in quashing the attachment bond. The signature of a partnership bond may be valid. "It cannot be assumed as matter of law that the conjunction of two names signed as sureties to an attachment bond, as is usual in the style of partnership, represents a partnership consisting of two persons. If it did, and the partnership name was thus signed to an attachment bond, it would not necessarily vitiate the bond. In such case the presumption would be that the officer who took the bond satisfied himself that the member of the firm who signed the partnership name had authority to sign it." [Donnelly v. Elser, 69 Tex. 282.]

• § 474. *Erroneous quashal of attachment not ground for reversal.* When an attachment is quashed the jurisdiction over the property obtained by it is taken away. Its dissolution, with all the consequences, takes effect at once, and as to personal property puts the parties in the same position as if no attachment had issued. It is true that, if the proceeding be erroneously quashed, the rule may work a hardship upon the plaintiff therein. The reversal of the judgment, however, can afford him no redress. [R. S. art. 182; Blum v. Addington, Sup. Ct. Tex. 9 S. W. Rep. 82.]

Being without authority to reinstate the attachment, although the same was erroneously quashed, the judgment in favor of appellants for their debt, interest and cost is

June 1, 1889.　　　　　　　　　　　　　　Affirmed.