## B. F. Avery & Sons v. B. L. Zander & Co.

### No. 6501.

1. **Attachment upon Debt not Due—Practice.**—Suit was brought upon several notes and an account. Affidavit for attachment was made, alleging indebtedness the aggregate of the claims set out in the petition. Neither the petition nor affidavit showed what of the claims were due and what not due at the filing of the suit. An amendment subsequently cured the defects in the petition. *Held,* that the action of the court below in quashing the attachment upon the objection that the amount due and that not due was not shown was proper.

2. **Same—Amendment.**—An amendment to the petition will not cure defects in an attachment previously issued in the same case.

APPEAL from Lee. Tried below before Hon. I. B. McFarland. The opinion states the case.

*N. A. Rector* and *R. E. Harris,* for appellants. — 1. A petition not sworn to may be amended by leave of the court, and if the amended pleading is sufficient it relates back to and cures all objections to the original petition, so as to sustain an affidavit for attachment sued out at time of filing the original, provided the amended petition and the affidavit are consistent with each other. Tarkinton v. Broussard & Co., 51 Texas, 554, 555; Beal v. Pearce, 21 Texas, 690; Ward v. Lathrop, 11 Texas, 291; Drake on Att., p. 339, sec. 418; Donnelly v. Elser, 69 Texas, 282.

2. If suit is brought upon demands part of which are due and part not due, the separate affidavit for attachment need not allege what is due and what is not due, provided plaintiff's pleading upon which trial is had is sufficient in stating the amount due and the amount to become due. The separate affidavit for attachment refers to pleading of plaintiff on file without any allegation in the affidavit itself to that effect. Willis v. Mooring, 63 Texas, 340; Primrose v. Roden, 14 Texas, 1; Wilkins & Patty v. Finlay, Pascoe & Gilbert, 3 Ct. App. C. C., sec. 156; Rev. Stats., art. 152, sec. 9; 1 Ct. App. C. C., sec. 1092; Seeligson v. Hobby & Post, 51 Texas, 149, 150; Drake on Att., sec. 96.

*Ed. R. Sinks,* for appellees. — 1. Where the attachment is valid when

issued but the petition is defective in some particular, such as the failure to allege the ownership of the note sued on or that it was delivered, which would subject it to demurrer, then the petition can be amended to cure the defect therein, and it does not affect the attachment. But if from the petition and affidavit on file when the attachment is issued the attachment is invalid, then no subsequent amendment can make the attachment valid. Marks & Kempner v. Abramson, 53 Texas, 264; Cox v. Reinhardt, 41 Texas, 591.

2. Where the petition shows from the description of the indebtedness that it or a part of it is not due, but declares on the demands as though they were all due, and the affidavit for attachment states the whole sum of the indebtedness but does not state that any part of it is to become due in the future, then the attachment is invalid when issued and should be quashed, and an amended petition declaring correctly on the demands would only authorize a personal judgment without the attachment. Cox v. Reinhardt, 41 Texas, 591; Marks & Kempner v. Abramson, 53 Texas, 264.

3. When the plaintiff's petition discloses the fact that part of the demand is past due and part is to become due, then it must appear, both in the petition and in the affidavit for attachment, by distinct averment, what part is due and what part is not due. Sydnor v. Totman, 6 Texas, 189; Cox v. Reinhardt, 41 Texas, 591; Evans v. Tucker, 59 Texas, 250; Donnelly v. Elser, 69 Texas, 282.

ACKER, Presiding Judge.— B. F. Avery & Sons brought this suit January 19, 1886, against B. L. Zander & Co., on claims described in the petition as follows: A promissory note for $619.13, dated September 15, 1885, due February 19, 1886; two promissory notes for $670.45 each, dated December 19, 1885, due respectively at four and six months after date; an open account for $1531.47, dated on or about December 29, 1885, alleged to have been for goods sold by plaintiffs to defendants at their special instance and request, and "that defendants agreed to pay to plaintiffs the reasonable value of said goods." It was not alleged when the open account became due, but the petition concluded with the averment "that the defendants are justly indebted to plaintiffs in the aggregate amount of $3491.50." It was not specifically alleged in the petition what part of the claims sued on was due and what part was not due, but it is evident from the description given of the several claims that none of them was due, unless it be the open account.

At the time of filing this petition the plaintiffs filed a separate affidavit upon which the writ of attachment was issued against the estate of the defendants. This affidavit for attachment charged that the defendants were "justly indebted to plaintiffs in the sum of $3491.50," but did not state how much of this sum was then due and how much was to become due thereafter.

On March 15, 1886, plaintiffs filed with the clerk of the court in vacation an amended petition describing with greater particularity the claims sued on, and showing what part of the sum sued for was due and what part was not due, which was by order of the court filed on May 1, 1886, *nunc pro tunc.*

The original petition and affidavit for attachment filed at the same time did not refer to each other. The defendants moved to quash the writ of attachment on the ground that it appeared from the original petition that a part of the amount sued for was not due at the commencement of the suit, but neither the petition nor affidavit stated the amount then due and the amount to become due. The motion was sustained and the writ of attachment quashed, which ruling is assigned as error and presents the only question in the case.

The case of Sydnor v. Totman, 6 Texas, 190, was a suit on several promissory notes, some of them not due at the institution of the suit, as shown by the petition. A writ of attachment was issued on the affidavit of the plaintiff, stating that the defendants were justly indebted to him in the aggregate amount of all the notes described in the petition. The writ of attachment was quashed on motion of defendant on the ground that the affidavit stated that the debt was due, when the record showed that part of it was not due, which was sustained on appeal, the court stating that the affidavit "ought to have shown the amount due at the time of filing the petition."

The affidavit in this case is very like the affidavit in the case just cited, and the petition in this case, as in that, showed that at least a part of the amount sued for was not due at the institution of the suit.

In Cox v. Reinhardt, 41 Texas, 593, after stating that suits may be brought by attachment on claims not due at the commencement of the suit, it was said: " But when this is done, the petition and affidavit for attachment should show when the debt will be due so that the action of the court may conform to the facts of the case. If the suit is brought as if it was for a debt past due, and it is so averred in the affidavit for the attachment, and such is not the fact, the affidavit will not justify or support the attachment, and it should be quashed."

In this case, as in the case last cited, both the petition and the affidavit alleged that the defendants were justly indebted to the plaintiff in the aggregate amount of the claims sued on as if they were all then due, without stating that any part of them was not due at the time of bringing the suit. See also Evans v. Tucker, 59 Texas, 249.

We think these authorities conclusively sustain the ruling of the court in quashing the attachment. But the appellants contend that the amended petition cured the defects in the affidavit. This proposition can not be sustained. The question here presented was settled adversely to appellants by the decision in Marx & Kempner v. Abramson, 53 Texas, 264.

We are of opinion that the judgment of the court below is correct, and should be affirmed.

*Affirmed.*

Adopted May 6, 1890.