# MAY, 1896.

## M. GIMBEL & SON v. J. GOMPRECHT & COMPANY.

### No. 414.—Decided May 4, 1896.

**1. Reconvention—Jurisdiction of County Court.**

. A plea in reconvention is in effect a suit against the plaintiff, and the County Court has no jurisdiction over a claim so pleaded when in excess of the amount over which that court has jurisdiction: such result is not avoided by splitting up the claim, e. g., offering to set off a part against the claim of plaintiff and seeking judgment for the balance.

**2. Attachment—Abatement of Writ.**

As the statute authorizes the writ of attachment before the debt becomes due, and as the writ issues upon the statutory affidavit and bond, a writ of attachment upon a debt not due can not be abated by plea showing that the petition erroneously states the debt to be overdue.

QUESTIONS CERTIFIED by the Court of Civil Appeals for First District, in an.appeal from the County Court of Smith County.

*H. C. & Cone Johnson,* for appellant.—When the amount claimed in reconvention is beyond the jurisdiction of the court it cannot be brought within the jurisdiction by dividing it and pleading its parts separately under different pleas. Rev. Stats., sec. 155; Harris v..Finberg, 46 Texas, 92; Bear Bros. v. Marx & Kempner, 63 Texas, 303; Dwyer v. Testard, 65 Texas, 435; Waples-Platter Grocer Co. v. Basham, 29 S. W. Rep., 1118.

The validity of the attachment proceedings does not depend upon the question whether this writ was wrongfully sued out; nor can the attachment be vacated by showing that the debt was not in fact due at the institution of the suit.

*Duncan & Jones,* for appellee.—The amount claimed in reconvention was within the jurisdiction of the court. Mulhaul v. Feller, 1 White & W. C. C., sec. 1162; Dalby v. Murphy, 25 Texas, 354.

Upon the finding of the jury that the debt was not due at the time suit was filed and attachment issued, the attachment was properly vacated, and the proceeds of the goods released to the defendant. Sydnor v. Totman, 6 Texas, 189; Culbertson v. Cabeen, 29 Texas, 247; Cox v. Reinhardt, 41 Texas, 591; Seligson v. Hobby, 51 Texas, 147.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District has certified to this court the following statement and questions:

"Plaintiffs sued defendants in the County Court to recover the sum of

$764 upon an open account alleged to be due, and sued out an attachment and levied on defendant's goods. The goods were sold under order of court for $885, and the money was deposited in court to await the result of the suit.

Defendants filed a plea seeking to abate the attachment, upon an allegation made under oath that the debt was not due when the suit was brought and the attachment sued out, and to have the money realized from the goods released to them. They also pleaded in reconvention for actual and exemplary damages on the ground that the writ was obtained wrongfully, maliciously and without probable cause. The actual damages alleged consisted of the difference ($797.21) between the actual value of the attached property ($1682.21) and the amount for which it had been sold; and the exemplary damages were alleged at $966, making the total damage alleged $1763.21. But defendants admitted that they owed plaintiffs the account sued on ($764) and that it was due when they filed their answer, and admitted plaintiffs' right to have that sum deducted from the actual damages alleged, and therefore prayed that, after that should have been done, they have judgment for the balance of $33.21 and for the exemplary damages, $966. Plaintiffs excepted to the plea in abatement of the attachment on the ground that the writ could not be abated in such manner; and also excepted to the plea in reconvention on the ground that the County Court had no jurisdiction.

The following questions are certified to the Supreme Court for its decision:

First: Did the County Court have jurisdiction of the cause of action for damages set up by the plea in reconvention?

Second: Could the attachment be abated and the money released in the manner attempted?"

ANSWER to First Question:—The County Court has no jurisdiction to try a civil cause in which the matter in controversy exceeds $1000. (Const., article 5, section 16.) The plea in reconvention filed by the defendants in this case was in effect a suit by them against the plaintiffs, and the amount in controversy was the damages claimed in that plea; that is, the actual damages, $797.21, and exemplary damages, $966, aggregating $1763.21. The fact that the debt of the plaintiffs was admitted to be due and agreed to be taken as a credit upon the claim set up by the defendants did not lessen the amount which was put in controversy by that plea. Under their plea the defendants must establish their damages before they were entitled to have the amount of the plaintiffs' debt satisfied by their damages so recovered. By the proceeding here sought to be maintained the court inquired into the plaintiffs' liability for the damages to the amount of $1763.21 upon the ground that when established that amount would liquidate the indebtedness of the defendants to the plaintiffs. The defendants' claim for damages did not operate as an extinguishment of the plaintiffs' debt, nor did the plaintiffs' debt operate as an extinguishment pro tanto of the defendants' claim for damages. The two classes of claims were not such as of themselves would have the

effect to extinguish each other until ascertained by the court and by its judgment thus applied.

Counsel for appellees cite in support of the judgment of the court below the case of Dalby v. Murphy, 25 Texas, 354. In that case the defendant was sued in the Justice Court upon two notes amounting to $73.75. He plead that he had in payment of the notes sold to the plaintiff a horse for $125 and that plaintiff was indebted to him in the difference between the amount of the two notes and the price of the horse. This was a very different case from the one now before the court. That case was rightly decided, because the sale of the horse had extinguished the notes and left a balance due to the debtor, of which amount the Justice Court had jurisdiction. It came strictly within the rule often applied by this court that, where the original indebtedness was a sum exceeding the jurisdiction of the Justice Court, but had been reduced by payments or credits to a sum within the jurisdiction of that court, the court might entertain jurisdiction of a claim for the balance due.

Appellees' counsel also cite Mulhaul v. Feller, 1 White & W. C. C., sec. 1162, in support of the judgment of the court. From the report of the case we cannot tell what the facts were upon which that judgment was sustained; as reported, the case is not in point as authority for the ruling of the court below.

We therefore answer that the County Court had not jurisdiction to entertain the defendants' plea in reconvention in this case, the amount being for a sum greater than $1000.

ANSWER to the Second Question:—Articles 186 and 187, Revised Statutes, prescribe the requisites of an affidavit for a writ of attachment, and article 189 is in this language: "The writ of attachment above provided for may issue although the plaintiff's debt or demand be not due, and the same proceedings shall be had thereon as in other cases, except that no final judgment shall be rendered against the defendant until such debt or demand shall become due."

Neither in the articles which prescribe the requisites of an affidavit for a writ of attachment nor in the last quoted article is it required that the affidavit or the petition shall state what part of the debt is due or that it is not due. The right to sue upon a debt not due depends upon the issuing of the attachment, and, if that be quashed, the suit must abate, unless the debt has matured before the writ is quashed; in which event the plaintiff may amend his petition, setting up the maturity of the debt, and proceed with the case. (Culbertson v. Cabeen, 29 Texas, 247.) The validity of the writ of attachment does not depend upon the truthfulness of the allegations made in the affidavit or the petition, but upon compliance with the statute in making the affidavit. The truth of the affidavit cannot be controverted for the purpose of abating the writ. (Cloud v. Smith, 1 Texas, 611; Dwyer v. Testard, 65 Texas, 432.)

If the petition and affidavit incorrectly state the time when the debt became due, it may be so amended as to correctly state that fact with-

out affecting the validity of the writ of attachment. (Donnelly v. Elser, 69 Texas, 282.) If an amendment can be made to the petition so as to change the alleged date at which the debt falls due and thus create a variance between the allegations of the petition and the affidavit, without affecting the validity of the writ, we cannot understand how an allegation which appears in the defendants' answer and simply states a fact, which does not, if true, defeat the writ of attachment, could have the effect to abate that writ.

If the affidavit in this case had alleged as a ground for the issuing of the writ, that the defendants were non-residents of the State, when in fact they were residents, the defendants could not plead the truth as to that matter in order to abate the writ, although if true that they were residents of the State, the plaintiffs would not have the right to maintain the writ, because the law will not permit the affidavit which complies in its allegations with the requirements of the statute to be controverted, but leaves the defendants to their remedy upon the bond for a violation of the law in falsely alleging a fact upon which the writ of attachment is based. If the law will not permit the defendants to allege the truth of a material fact upon which the writ alone could be issued, if true, in order to set aside a writ obtained upon a false allegation and without which false allegation the writ could not be maintained, then how can it be said that the defendants may, by alleging the truth of a fact, the existence of which does not defeat the right to the writ of attachment, abate that writ when, if the fact that they allege had been stated in the affidavit, the writ would be maintained?

No injury is done to the defendants by sustaining the writ under such circumstances, because, whether the debt be due or not, if there be just cause for the attachment, the plaintiffs had the right to sue it out. The objection urged is not that the right did not exist,—that, if truly stated, the facts would not have given a right to the writ,—but that the plaintiffs in stating their case have erroneously alleged the debt to be due. There does not appear to have been any conflict or variance between the affidavit and petition, and the cases holding such variance to be good ground for quashing the writ are not in point in this case; neither does it affect the questions which might arise on variance between the pleading and proof.

In Cox v. Reinhardt, 41 Texas, 591, and Avery v. Zander, 77 Texas, 209, it has been held that the plaintiff must state truly whether his debt is due in whole or in part, and if due in part only, then he must state what part is due and what part is not due.

In Willis & Bro. v. Mooring, 63 Texas, 340, Chief Justice Willie, for the court, said of the former case and others there cited: "We have no desire to extend the principles of the decisions any further than they have gone, especially as our Revised Statutes authorize a more liberal construction of the attachment law." We might distinguish the case now before the court from the cases above cited, but we prefer plainly to state what we believe to be a proper construction of the statute upon

this subject. It is a rule of practice simply involving no property rights and we feel that it is proper to correct what we believe to be an erroneous construction of the statute.

When the affidavit made by the plaintiff for attachment complies with the statute and the writ is issued and levied, the lien of the attachment attaches to the property and the court must foreclose it, although the allegations of the affidavit may not be true in fact. The right to a writ of attachment exists in favor of a plaintiff whether his debt be due or not. The statute has not prescribed that he shall express in his affidavit whether the debt is due in whole or in part at the time of commencing the suit, and the effect of the decisions which so hold is to engraft upon the statute a requirement not expressed in the language nor implied in its terms.. While it is true that the plaintiff must comply substantially with the requirements of the statute in all essential particulars, in order to maintain the extraordinary process of attachment, it is likewise true that when the right to the writ is granted by the statute upon a compliance with its terms, the court has no right to prescribe additional requirements to be complied with in order that a party may avail himself of this process.

The result of the doctrine stated in some of the cases and contended for by appellees in this case would be that if the plaintiff should claim in his petition and affidavit that the debt is due, and the defendant should contend in his answer that it is not due, or if the plaintiff should allege that his debt was not due, either in whole or in part, and the defendant should allege that it was due, the determination of the issue thus made would involve the validity of the writ, contrary to the rule applied as to all other and more material matters stated in the affidavit,—that is, that the truth of the allegations of the affidavit cannot be controverted for the purpose of abating the writ.

We therefore answer that the County Court should not have entertained the defendants' plea of abatement to the writ of attachment in this case upon the facts stated and submitted to this court.