## TIMES PUBLISHING COMPANY ET AL. v. J. S. HILL.

Decided June 15, 1904.

**1.—Jurisdiction—Amount in Controversy.**

The court has no jurisdiction over a plea in reconvention alleging damages in excess of the limit of its jurisdiction, though the damages are unliquidated and prayer is for a recovery only of an amount within the jurisdiction.

**2.—Same.**

In determining, for jurisdictional purposes, the amount in controversy, the plaintiff's demand or matter involved is the amount shown by the allegations of the petition, and not the amount for which judgment is prayed or recovery allowed..

**3.—Pleading—Warranty of Value.**

Plea setting up warranty on sale of the value of the property sold in a definite sum, held to state a cause of action.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*Taylor & Gallagher* and *W. J. McKie,* for appellants.

*Sleeper & Kendall,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This suit was instituted by the appellee, J. S. Hill, against the appellant, Times Publishing Company, in the Justice Court of Precinct No. 1, McLennan County, to recover a balance of $77.65 on open account.

The said appellant answered by plea in writing, which included a general denial and certain counterclaims, alleging damages for breach of contract of guaranty claimed to have been made for the benefit of said appellant between B. J. McKie and F. C. Hand on the one part and J. S. Hill and S. J. Quay on the other part, it being alleged that said McKie and Hand bought from said Hill and Quay a majority of stock in appellant corporation, and as an inducement to said sale, said Hill and Quay represented and guaranteed to said McKie and Hand that there was owing to said corporation outstanding debts collectible by ordinary diligence, sufficient to satisfy all the debts owing by said corporation, and that due diligence had been used to collect said outstanding accounts owing to said corporation, but there still remained uncollected the sum of $1618.49, and that said amount was uncollectible, and that the amount collected lacked $200 of paying the debts outstanding against said corporation when said guaranty was made; whereby said appellant corporation had been damaged in the sum of $200.

Appellant corporation further pleaded by way of counterclaim that at the time of the purchase aforesaid appellee warranted and guaranteed, for the benefit of said appellant, that the type and stock of material of said company was of the total value of to wit, $1800, which representation was wholly relied on by said McKie and Hand for said appellant;

whereas, in fact, the total of said property was of the real value of only $900, whereby appellant was damaged by the breach of warranty and guaranty of appellee in the further sum of $900, which appellant pleaded, asking judgment for only $200 total on both claims of damages, to be offset as aforesaid.

Appellee Hill excepted to said plea in reconvention of appellant, because same exceeded the jurisdiction of the justice court. Also for lack of mutuality, and because no consideration was shown for the alleged guaranties. Said exceptions were sustained in the Justice Court, but overruled in the County Court.

Upon a trial in the County Court before a jury, verdict and judgment were returned and entered in favor of appellee for the sum of $109.02 against appellant Times Publishing Company and W. J. McKie and E. Kellner, sureties on its appeal bond, with legal interest from date of judgment, and all costs. Judgment was further rendered against appellant corporation on its counterclaim and plea in reconvention. Appellant Times Publishing Company and its sureties have appealed.

Appellee has filed and presented in this court a motion to dismiss the appeal herein, upon the ground that this court has no jurisdiction thereof. The suit having been instituted in the Justice Court, the amount in controversy, as shown by the plea in reconvention of said appellant, being in excess of the jurisdictional amount of that court, neither the County Court nor this court could acquire jurisdiction of said cause.

Appellants have filed and presented in this court a brief of authorities and argument in opposition to said motion. Appellants' contention is that as the prayer of the plea in reconvention of appellant Times Publishing Company only asked judgment for $200 on both claims for damages set up by it in said plea, the justice court had jurisdiction of the amount in controversy, as set up in said plea.

We will take up and consider the authorities cited by appellants in support of their contention, in the order in which they are cited. Alexander v. Thompson, 38 Texas, 535, is a case decided by what is known to the profession as the "Semicolon Court." In the opinion in that case the court say: "The second question relates to the jurisdiction of the county court. We think a safe rule in all such cases would be that the court should be governed by the amount of the judgment prayed for. In this case it did not exceed the jurisdiction of the county court, though the items of the account would have exceeded in the aggregate the jurisdiction of the court, if no mistake had been made by the pleader in setting them out. The verdict of the jury and the judgment, perhaps, might be a safe rule in determining this question, and they bring the case within the jurisdiction of the court."

It can not be determined from the above language whether the court rests its holding upon the ground that the amount prayed for gave the court below jurisdiction, or the amount of the verdict. However, it might be inferred that the holding rests upon both grounds.

The case of Mulhaul v. Feller, 1 White & W. Civ. Cases, 1162, is a case decided by the Commission of Appeals, and the court in that opinion say: "Defendant pleaded in reconvention a claim for damages amounting to $360, and asked judgment against plaintiff for $200. The plea in reconvention is within the jurisdiction of the justice court, since the amount for which judgment was asked was within the jurisdiction of the court."

Scott v. Mexican Nat. Ry. Co., 4 Willson Civ. Cases, 287, is a case decided by the Court of Appeals, and in that case it is held that where, in a suit in justice court, defendant pleaded in reconvention unliquidated damages in the sum of $1200, asking that $200 of this $1200 be allowed as an offset to plaintiff's claim, waiving the excess over $200 pleaded, the justice court had jurisdiction, inasmuch as the defendant only asked judgment for $200, which was within the jurisdiction of the justice court.

In Western Union Tel. Co. v. Durham, 17 Texas Civ. App., 310, it is held that where unliquidated damages are sued for, it is not a fraud on the jurisdiction of any court for plaintiff to reduce the amount demanded before suit to such a sum as that the judgment of the county court will be final and not subject to appeal. In that case, the plaintiff before instituting the suit demanded an amount for which the judgment of the county court would not have been final, but in the claim upon which suit was brought, the amount was stated in a sum upon which the judgment of the county court would be final.

In the case of Ball v. Hines, 61 S. W. Rep., 332, suit was brought in justice court on a written contract, whereby defendant agreed to clear 37½ acres of land, and for every acre left uncleared he forfeited $5 as liquidated damages, and also for failure to complete a house within a certain time he forfeited $100; plaintiff claimed $15 damages for failure to build the house as required by contract, and $182.50 for failure to clear the land. The complaint did not allege the number of acres that had not been cleared. Appellant, defendant below, contended that appellee, the plaintiff below, was claiming damages as to the whole 37½ acres of land, and the contract providing for liquidated damages in the sum of $5 an acre, he could not, by reducing his claim in the sum of $5, bring the amount within the jurisdiction of the court.

The court held that it did not appear from the complaint how many acres were left uncleared, and that it might be inferred from the amount claimed that appellee admitted that defendant had cleared one acre, and hence he, appellee, had no claim for that acre.

In the case of Oppenheimer & Co. v. Fritter, 3 Willson Civ. Cases, 263, the court holds that where suit was brought in the county court on a note for $413.15, with an allegation of damages in the sum of $1000 for failure to pay the debt, and defendant pleaded to the jurisdiction on the ground that the amount of the note and damages claimed exceeded the jurisdiction of the court, that the allegation for $1000 dam-

ages was simply a formal ad damnum allegation and could not affect the jurisdiction of the court, and should have been treated as surplusage.

From the above it will be seen that the cases of Alexander v. Thompson, Mulhaul v. Feller, and Scott v. Mexican National Ry. Co., appear to sustain appellants in their contention. The other cases cited by them, in our opinion, are not applicable to the question involved. However, we do not think the doctrine laid down in the cases above mentioned as sustaining appellant's contention is sound; and, in our opinion, it has not been followed or approved by the Supreme Court or the courts of civil appeals.

In the case of Gimbel v. Gomprecht, 89 Texas, 498, one question involved was as to whether the defendant in a suit in the county court could plead in reconvention damages in a greater amount than $1000, and by admitting as a credit on the same the claim of the plaintiff, reduce the amount within the jurisdiction of the court, the Supreme Court held that it could not be done; and in discussing the case of Mulhaul v. Feller, cited by counsel for appellee in that case, as sustaining the jurisdiction of the county court, say: "From the report of the case we can not tell what the facts were upon which that judgment was sustained. As reported the case is not in point as authority for the ruling of the court below." From this language it appears that the Supreme Court did not approve the holding or doctrine laid down in that case.

In the case of Burke v. Adoue, 3 Texas Civ. App., 494, plaintiff sued in the County Court on a note for $2500, upon which had been paid $1561.42, but the 10 per cent attorney's fee stipulated for in the note made the amount in excess of $1000. Defendants having filed demurrer and plea to the jurisdiction of the court, plaintiffs, by amendment, remitted all of the amount sued for as principal and attorney's fees, in excess of $1000. The court held that the real cause of action could not be thus reduced without the consent of the defendants, so as to bring the amount in controversy within the jurisdiction of the county court; that what court had the power to hear and adjudicate the matter in controversy was determined by law, and the right to have the case passed on in that forum belonged to the defendant, as well as the plaintiff.

Judge Williams, delivering the opinion of the court, uses this language: "The very thing to be adjudicated is the question whether or not there is an indebtedness, and this question both parties are entitled to have determined by the tribunal to which the law has given jurisdiction over the cause of action." And further: "When unliquidated damages are sued for, there is no way in which the amount of the subject matter in controversy is to be determined in advance of a trial, except by the allegations made by the plaintiff, and this of necessity puts it in his power to determine the question of jurisdiction."

From the language used in the last quotation, it will appear that where unliquidated damages are sued for the amount in controversy is to be determined by the allegations of the petition; and while it is in

the power of the plaintiff to determine the question of jurisdiction, he must do it by the allegations stating his cause of action, and not by his prayer.

It has been repeatedly held by the Supreme Court and the courts of civil appeals, that, in determining the jurisdiction of the amount in controversy in a suit, the plaintiff's demand, as set forth in his petition, is to be considered the matter in controversy; and that this demand is the amount shown by the allegations of the petition, and not the amount for which a judgment is prayed. Tarbox & Brown v. Kennon, 3 Texas, 7; Bridge v. Ballew, 11 Texas, 270; Graham v. Roder, 5 Texas, 145; Dwyer v. Bassett, 63 Texas, 276; Ratigan v. Holloway, 69 Texas, 468; Bates v. Van Pelt, 1 Texas Civ. App., 185; Hoffman v. Cleburne Building and Loan Assn., 85 Texas, 410; Rose v. Riddle, 3 Willson Civ. Cases, sec. 298.

In Dwyer v. Bassett, supra, the court said: "It is the well settled general rule that where the question of jurisdiction depends on the amount in controversy, the damages claimed in actions sounding in damages, and not the amount of the verdict, give the court jurisdiction."

In Hoffman v. Cleburne Building and Loan Assn., supra, the court say: "All the cases seem to concur in the proposition that the plaintiff's demand, as set out in his petition, and not the amount of the verdict is, in general, the criterion by which to determine the question of jurisdiction."

There is no more reason for claiming that the amount prayed for in the petition, when the same is inconsistent with the amount of the demand stated in the petition, should determine the question of jurisdiction, than that the amount of the verdict should determine such question, as neither can take the place of the statement of the demand in the petition.

In the case of Ratigan v. Holloway, supra, the appellee brought the suit in the District Court to recover of the appellant the sum of $505.89, and judgment by default was rendered for appellee in the court below for the sum of $526.30. Subsequently, the defendant below moved to set aside the judgment, alleging excuses for failure to appear and plead to the cause, and claiming credits besides those admitted in plaintiff's petition. The court intimated that it would grant the motion, whereupon the plaintiff, appellee, remitted all the amounts claimed as credits by the defendant, and took judgment for the balance, and the amount for which judgment was taken was less than the jurisdictional amount. Upon appellee's remitting the credits claimed by the appellant, and taking judgment for said balance, the court overruled appellant's said motion. In taking judgment for such balance the appellee evidently changed his prayer, so as to ask for an amount less than the jurisdictional amount. After this action of the court the appellant made a motion to dismiss the cause, because the court had no jurisdiction of the subject matter of the suit. The court below overruled this motion,

and the appellant, defendant below, appealed to the Supreme Court. The Supreme Court in passing upon the question, said:

"Had the credits claimed in the motion been allowed in the petition, the amount sued for would have been insufficient to give the court jurisdiction of the cause, but the sum claimed in the petition was over $500, and upon its face the court had jurisdiction. Under our decisions, the amount claimed in the petition determines the jurisdiction, and that question is concluded by its averments." It will be observed that the court say the question of jurisdiction will be concluded by the averments of the petition, and not by the prayer.

The case of Ross v. Riddle, 3 Willson Civ. Cases, 298, decides the precise question here involved. In that case the appellee brought suit to recover of appellants damages for several alleged joint trespasses and torts, the several items alleged amounting in the aggregate to $1800, but in the prayer of the petition judgment was asked for $500 only. Appellant excepted to the petition upon the ground that on its face it showed the county court did not have jurisdiction of the amount in controversy. The exception was overruled, and upon a trial of the case in the court below, appellee recovered judgment against appellant for $72 and costs. Upon appeal the court held that the allegations of the petition showed that the amount in controversy exceeded $1000; and therefore the subject matter of the suit was not within the jurisdiction of the county court; that the amount alleged in the petition, and not the amount for which judgment was prayed, determines the question of jurisdiction.

Appellant, however, contends that the case last mentioned must be considered as overruled by the case of Scott v. Mexican Nat. Ry. Co., supra, which is a later case decided by the same court. In our opinion, the latter case does not appear to have been as well considered as the former, especially in view of the fact that the only cases cited as authority to sustain the holding of the court, are Texas & P. Ry. Co. v. McMullen, 1 App. Cases, 162, and Dalby v. Murphy, 25 Texas, 354, neither of which sustain such holding. The first simply holds that justices of the peace have power to foreclose mortgages and enforce liens on personal property, when the amount in controversy is within their jurisdiction. In the latter case, the defendant was sued in the justice court upon two notes amounting to $73.75. He pleaded that he had, in payment of the notes, sold to the plaintiff a horse for $125, and that plaintiff was indebted to him in the difference between the amount of the two notes and the price of the horse. This is a very different case from that of Scott v. Railway Co., supra, and the one now before this court. In that case, Dalby v. Murphy, the sale of the horse had extinguished the notes, and left a balance due to the debtor, of which amount the justice had jurisdiction.

The case of Mulhaul v. Feller, cited by appellants, which Justice Brown, in delivering the opinion of the court in Gimbel v. Gomprecht referred to and stated that from the report of that case the court could

not tell what the facts were upon which that judgment was sustained, also cited the case of Dalby v. Murphy as supporting the holding in that case, Mulhaul v. Feller, which from the statement above manifestly it does not.

Further, the prayer of a petition is no part of the demand or statement of the cause of action. It is simply the request of the pleader for the relief to which the statement in or averments of the petition show him to be entitled. 2 Bouv. Law Dic., verbum, Prayer; 16 Enc. of Pl. and Prac., 775.

Appellant also insists that the part of the plea in reconvention which sets up a guaranty of the value of the type and stock of material on hand does not state a cause of action and was a nullity, and could not affect the jurisdiction of the court. We do not agree with this insistence of appellant. We think this part of the plea sufficient to allege a cause of action, especially in the Justice Court, where particularity in pleading is not required. In our opinion, it clearly appears from appellant Times Publishing Company's plea in reconvention, that it alleged its damages at a sum largely in excess of the jurisdiction of the Justice Court; and the Justice Court not having acquired jurisdiction of the cause, the County Court did not acquire jurisdiction thereof by appeal, and this court is also without jurisdiction of said cause.

The motion to dismiss the appeal is therefore granted, and the appeal dismissed at the cost of appellant.

*Dismissed.*