SMITH et al. v. COLQUITT.

(Court of Civil Appeals of Texas. Dallas. Feb. 17, 1912.)

1. COURTS (§ 183*)—COUNTY COURT—CROSS-ACTION—DIRECTED VERDICT.

Where, in an action in the county court, the defendants file a plea in reconvention for an amount above the $1,000 limit on the jurisdiction of the court under Const. art. 5, § 16, it is error to instruct the jury to find against the defendants on their plea, or for the court to entertain the cross-action further than to dismiss it or to sustain a demurrer to it.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 183.*]

2. PLEADING (§ 44*)—PETITION—ADDRESS—SUFFICIENCY.

A petition addressed to "The County Court at Law" was not materially defective for failure to designate the particular county in the address.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 98, 99; Dec. Dig. § 44.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by J. M. Colquitt against J. H. Smith and another. From judgment for plaintiff, defendants appeal. Reversed and dismissed in part, and affirmed in part.

M. L. Robertson, for appellants. Wood & Wood, for appellee.

RASBURY, J. On October 12, 1909, J. H. Smith, F. S. Davis, and J. M. Colquitt entered into the following agreement in writing:

"Know all men by these presents, that we, J. H. Smith of Dallas, Dallas county, Texas, and F. S. Davis, parties of the first part, and J. M. Colquitt of Sulphur Springs, Hopkins county, Texas, party of the second part, have this day entered into the following agreement:

"J. M. Colquitt, party of the second part, agrees to furnish to the parties of the first part 4,000 cords of wood, sawed into lengths of 15 inches, 2 feet, and 10 inches and is to be counted as follows:

10 inches, 4 ricks to the cord, 4 ft. high and 8 ft. long.
15 inches, 3 ricks "  "  "  " "  "  "  " "  "
2 feet,    2  "  "  "  "  " "  "  "  " "  "

"All to be delivered f. o. b. the cars White Oak Switch, for $2.50 per cord and is all to be shipped not later than January 1, 1911.

"Payments to be made in cash every thirty days or sooner by note or accepted draft.

"Witness our hands this 12th day of October, 1909.                J. H. Smith.
                                "F. S. Davis.
                                "J. M. Colquitt."

Afterwards at various times between November 12, 1909, and January 14, 1910, Colquitt delivered f. o. b. the cars at "White Oak Switch" on the Cotton Belt Railroad, in Hopkins county, as provided by the agreement, 214½ cords of wood, the price of which by the contract would aggregate $536.-25, but which was charged up against Smith and Davis at $521.50. By the contract, payment was to be made 30 days after each delivery in one of the modes provided therein. On March 8, 1910, Colquitt sued Smith and Davis in the county court of Dallas county at law, for the 214½ cords of wood, as well as for one circular saw delivered by Colquitt to Smith and Davis, for which they agreed to pay $8.75. By amended original answer the defendants below pleaded general demurrer, special exception, reciting that the petition failed to show a demand for payment and a refusal by defendants, general denial, and by plea in reconvention, alleging the contract between the parties above set out, and claiming, substantially, that Colquitt, plaintiff below, only partially performed said contract, in that he only delivered defendants about 500 cords of wood, while defendants, relying upon the performance of said contract in full, entered into contracts with wood dealers in Dallas to deliver to them 2,000 cords of wood at a net profit to defendants of 65 cents per cord, and claiming a damage to defendants of $2,600 by failure to deliver all the wood pro-

vided to be delivered by the contract, and for which amount they prayed judgment. By supplemental petition, plaintiff, Colquitt, demurred to the plea in reconvention on the ground that the offset or counterclaim was beyond the jurisdiction of the county court, alleged by plea that there was error in the account, in that in some instances a charge of $2.25 per cord had been made when a charge of $2.50 per cord should have been made, and prayed judgment accordingly. On February 24, 1911, the case was called for trial, and, the defendants and their counsel not being present, the court instructed the jury to return a verdict for plaintiff, Colquitt, for $530.25, the amount claimed by original petition, and further instructed the jury to return a verdict against the defendants Smith and Davis on their cross-action for $2,600. The jury returned the verdict instructed by the court, and judgment was entered accordingly. In the time provided by law the defendants filed motion for a new trial, which was by the court overruled, and the case is here on appeal by the defendants below.

[1] The appellants, who in the court below sought judgment by cross-action against appellee for $2,600, complain of the action of the trial court in instructing the jury to find against them on their plea in reconvention asserting that the amount of the claim set up by them was beyond the jurisdiction of the county court to determine, and assign as error the action of the county judge in directing the jury to find against them on their said plea. The plea filed by appellants seeking judgment against the appellee was, in effect, a suit by them against appellee to recover judgment for $2,600, and, since the county court of Dallas county at law is without jurisdiction to try a civil cause in which the matter in controversy exceeds $1,000, it follows that the court did err in instructing the jury to determine the cross-action at all. Const. art. 5, § 16; Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470. The court might properly have dismissed the cross-action or sustained demurrer thereto. Because the county court was without jurisdiction to determine the appellants' cross-action, the judgment of the county court in respect to that action is reversed, and said cross-action is hereby dismissed.

Appellants also complain that the court erred in overruling their motion for new trial; but, since the court was without jurisdiction to determine the cross-action, it only left for determination by the court appellee's debt, and as to that debt the motion for new trial did not show a meritorious defense, and the motion was properly overruled.

[2] We find no material error in the fact that the petition was addressed to "The County Court at Law," rather than "The County Court of Dallas County at Law."

Judgment of the county court is affirmed, except as to cross-action of appellants hereinbefore ordered dismissed.

Reversed and dismissed in part; affirmed in part.