### DROMGOOLE BROS. v. L. A. EPSTEIN & CO. (No. 5422.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 10, 1915.)

1. APPEAL AND ERROR �köö756—BRIEFS—MOTIONS TO AFFIRM.

Where motions to·affirm show the correctness of the judgment, they serve the purpose of a brief on the part of the appellees.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. ⊷756.]

2. JUSTICES OF THE PEACE ⊷141—APPEAL—JURISDICTION—CROSS-ACTION.

Where the offset pleaded in a cross-action in justice's court was not within the jurisdiction of that court, the county court could not acquire jurisdiction thereof on appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. ⊷141.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action brought in justice's court by L. A. Epstein & Co. against Dromgoole Bros. From judgment for plaintiffs in the county court, defendants appeal.· Affirmed.

· Leo Tarleton, of San Antonio, for appellant. Schlesinger & Schlesinger and Chas. E. Lee, all of San Antonio, for appellee.

FLY, C. J. This is a suit on an account, for $169.26, which was instituted in the justice's court by appellees against appellants. Appellants admitted that they were justly indebted to appellees in the sum of $143.44, but filed a cross-action, alleging that appellees were indebted to them in the sum·of $287.70, but only prayed for $30. The court instructed a verdict for appellees in the sum of $143.44. There is no statement of facts in the record.

[1] Appellants have failed to file a brief in this court, but have filed a motion to dismiss this appeal, and appellees have filed motions which are styled "Appellees' Motion to Dismiss Appeal of Appellant and Affirm Judgment of the Lower Court." Of course, that would be an impossibility; but, as the motions show the correctness of the judgment, they serve the purpose of a brief on the part of appellees. Davison v. Keeton, 32 Tex. Civ. App. 65, 73 S. W. 1083; Ball v. Dignowity, 68 S. W. 800; Cox v. Hickman, 110 S. W. 549; Beck v. Hancock, 122 S. W. 419.

[2] The offset pleaded was not within the jurisdiction of the justice's court, and that court being without jurisdiction of the cross-action, the county court could not acquire jurisdiction. Times Pub. Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806; Railway v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294.

The judgment is affirmed.

---

### KOLP et al. v. WEIL BROS. (No. 5419.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 10, 1915.)

APPEAL AND ERROR ⊷79—JUDGMENTS APPEALABLE—FINAL JUDGMENT.

A record showing a judgment rendered against two of the parties defendant, but not showing what disposition was made as to the third party defendant, failed to show that there was a final judgment in the case, for want of which the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. ⊷79.]

Appeal from Nueces County Court; Walter F. Timon, Judge.

Action by Weil Brothers against E. R. Kolp and others. Judgment for plaintiffs, and defendants appeal. Dismissed.

H. M. Holden and E. B. Ward, both of Corpus Christi, for appellants. G. R. Scott, Boone & Pope, and Claude Lawrence, all of Corpus Christi, for appellees.

FLY, C. J. This is a suit instituted by appellees against E. R. Kolp, D. C. Kolp, and the First State Bank of Corpus Christi, Tex., to recover damages in the sum of $859.50.. The damages were alleged to have accrued on account of the failure of appellants to ship to appellees certain seed of the quality and description ordered by them.

The record shows that a judgment was rendered against E. R. Kolp and D. C. Kolp, but fails to show what disposition of the case was made as to the First State Bank of Corpus Christi, and therefore fails to show that there was a final judgment in the case. Roderigues v. Trevino, 54 Tex. 201; Railway v. Smith County, 58 Tex. 76; Whitaker v. Gee,. '61 Tex. 217; Railway v. Scott, 78 Tex. 360, 14 S. W. 791; Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 837.

The appeal is dismissed for want of a final judgment.