## P. V. PENNYBACKER ET AL. v. L. B. HAZLEWOOD ET AL.

Decided February 9, 1901.

**1.—Evidence—Transactions with Decedent.**

In an action by the heirs of P. to recover on a lease executed by P. to defendant, the latter was not, under the statute, a competent witness to testify, over plaintiff's objection, as to renting the land from the deceased and the execution and terms of the lease. Rev. Stats., art. 2302.

**2.—Same—Secondary Evidence of Lost Instrument.**

After a trial had, it was agreed between the attorneys in the case that each party should withdraw his written evidence from the papers filed in the cause. At a subsequent trial defendant's attorney offered secondary evidence of certain written instruments that he had put in evidence at the former hearing, testifying that he had intended to withdraw the originals, but did not do so, and had never seen them since the former trial. The clerk of the court testified that he had searched for them among the papers in the case and all of the papers of his office, and had not seen them since the former trial. Held that the secondary evidence was improperly admitted, since defendant himself, to whom, under the agreement, the custody of the instrument belonged, had not been called to testify as to their loss.

**3.—Jurisdiction of County Court—Amount—Plea in Reconvention.**

The county court is without jurisdiction of a plea in reconvention by the defendant for an amount aggregating more than $1000, although defendant credits plaintiff thereon with an item of $272 for which plaintiff sues, thus leaving a balance of $983 shown by the plea.

Appeal from the County Court of Delta. Tried below before the Hon. W. S. Banister.

*D. H. Lane* and *James Patterson,* for appellants.

*R. R. Hazlewood,* for appellee.

. BOOKHOUT, ASSOCIATE JUSTICE.—The appellants as the heirs of G. M. Pennybacker, deceased, instituted this suit in the County Court of Delta County against L. B. Hazlewood to recover the balance due on a contract alleged to have been executed by L. B. Hazlewood on January 1, 1893, whereby he had promised to pay to G. M. Pennybacker the sum of $200 per year for the term of five years as rent for the G. M. Pennybacker farm on North Sulphur, in Delta County, Texas. It was further alleged that by the terms of said lease contract L. B. Hazlewood agreed to keep the place in good repair, and if possible exterminate the Johnson grass then growing on said farm, and that he took possession of said farm under said contract, and paid the rents therefor with the exception of a balance of $72 for the year 1896 and $200, the rent of 1897. It was alleged that it was possible to have exterminated the Johnson grass with reasonable care, and that defendant L. B. Hazlewood failed to do so, whereby plaintiffs were damaged $600. Plaintiffs also allege that in October, 1897, defendant R. R. Hazlewood, for value, executed a written contract to plaintiffs whereby he promised to pay any judgment they might obtain against L. B. Hazlewood upon any claim which they might have against him. Plaintiffs prayed for judgment for $272 rent and $600 damages.

Defendant answered by general denial and special pleas. They admitted that L. B. Hazlewood did enter into a contract for the renting of the Pennybacker farm, dated January 1, 1893, but plead that the said lease contract was not actually executed until about April 7, 1893, and that about April 7, 1893, G. M. Pennybacker in writing authorized the defendant L. B. Hazlewood to make such improvements on the G. M. Pennybacker farm as he deemed to the best interests of said farm, and by another instrument in writing bearing same date he agreed to pay said Hazlewood for such improvements, and in the event they were not paid for during the terms of lease, the said L. B. Hazlewood might hold possession of said farm until the improvements were paid for. That by reason of said contract he made improvements on said farm by clearing and putting in cultivation portions of the same and in ditching and building fence, amounting in the aggregate to the value of $1255, which was due him on January 1, 1898, with the exception of $272 which he, the said L. B. Hazlewood, owed to said Pennybacker for rent, leaving a balance due of $983. It was alleged that the two instruments executed April 7, 1893, and the lease contract dated January 1, 1893, were all made at the same time and formed one contract; that after the death of G. M. Pennybacker, plaintiffs knew that defendant Hazlewood

was making such improvements and expected pay therefor, and with knowledge of the facts encouraged him to continue to make such improvements, and assured him he would be paid therefor; that the improvements increased the value of the farm $3000. The case was tried on the 23d day of November, 1899, and resulted in a verdict and judgment in favor of defendant L. B. Hazlewood for the sum of $600, from which judgment plaintiffs appeal to this court.

The first and second assignments of error complain of the action of the court in admitting the testimony of defendant L. B. Hazlewood over their objection, wherein he testified: "That he rented from G. M. Pennybacker, for the sum of $200 per year for the years 1891-1892, the Pennybacker farm on North Sulphur, and the same included the G. M. Pennybacker land and the R. J. Pennybacker land, and that in 1893 he rented the same land from G. M. Pennybacker for the term of five years, and executed the contract sued on by plaintiff and agreed to pay $200 each year rent for same."

This testimony was objected to because it was concerning a transaction had between the said Hazlewood and G. M. Pennybacker, deceased, and plaintiffs sue as the heirs of G. M. Pennybacker; therefore the testimony is prohibited by the statute of this State. G. M. Pennybacker died in December, 1893, and the plaintiffs are his heirs and sue as such. The testimony objected to comes clearly within the terms of the statute, and was therefore inadmissible. Rev. Stats., art. 2302; Parks v. Caudle, 59 Texas, 216.

A material question involved in the case was, whether the R. J. Pennybacker land was included in the lease between G. M. Pennybacker and L. B. Hazlewood. It was contended by plaintiffs that the R. J. Pennybacker land was not included in said lease. The testimony objeced to, that the lease included this land, was material, and ought not to have been admitted.

The third assignment of error complains of the ruling of the court in admitting what purported to be a power of attorney and letters, each dated April 7, 1893, and each purporting to be signed by G. M. Pennybacker. The objection to this testimony was that the originals are the best evidence, and that their absence had not been accounted for and no proper predicate had been made for the introduction of secondary evidence. The only evidence accounting for the absence of the original power of attorney and contract was the testimony of one of the appellees, R. R. Hazlewood, that he had the originals in court at a former trial of the cause; that he and D. H. Lane, one of the attorneys for appellants, agreed that each party should withdraw their written evidence from the papers of the case, and that he, Hazlewood, intended to withdraw the originals and carry them home with him to Sherman, but did not do so, and that he had no recollection of ever having seen them since the former trial of the case. Appellees further proved by the clerk of the court that he had searched the papers in the cause for the original

power of attorney and letters; that he had also looked among all the papers in his office and at every place he thought they ought to be found, but that he could not find them, and that he had no recollection of having seen them since they were introduced in evidence on the former trial of the cause  This evidence we think insufficient to authorize the introduction of secondary evidence of the contents of the instruments.

In discussing this question Mr. Greenleaf, in his work on Evidence, says: "If it (the instrument) belongs to the custody of certain persons, or is proved or may be presumed to have been in their possession, they must, in general, be called and sworn to account for it." Greenl. on Ev., 16 ed., sec. 563b. Under the agreement made on the former trial the custody of the instruments belonged to the defendant L. B. Hazlewood and his attorneys, yet he was not called to testify as to their loss, and but one of his attorneys testified.

Appellants complain of the admission of testimony on behalf of appellees, to the effect that on a former trial of the case the plaintiffs did not contend that the lease did not include the R. J. Pennybacker land. Julien Pennybacker, one of plaintiffs, was a witness for plaintiffs, and on cross-examination was asked by defendants whether he claimed on the former trial that the R. J. Pennybacker land was not included in the lease. He answered that he did speak of it on the former trial. The defendants then introduced evidence over plaintiff's objection that no such claim was made. In this here was no error.

The record discloses a fundamental error which has not been assigned, but which we think we are compelled to notice. The plea in reconvention sets up a claim for clearing, in 1893, forty acres of land of the reasonable value of $480, and building one mile of fence of the value of $65, and one mile of ditching of the value of $50; and in 1895 making one-half mile of ditching of value of $25, and one mile of fencing of the value of $65; and in the winter and spring of 1896 cleared and put in cultivation twenty-six acres of heavily timbered land; and in the winter of 1896 he cleared and put in cultivation fourteen acres of land of the value of $480; and in the spring of 1896 made one-half mile of ditching of the value of $25, and built one mile of fence of the value of $65, making a total value of $1255, which was due defendant, L. B. Hazlewood, January 1, 1898, with the exception of $272 which the said L. B. Hazlewood owed said G. M. Pennybacker for rent, leaving the balance of $983 due said Hazlewood.

The amount in controversy in this plea exceeds $1000, and the fact that the plaintiff's debt for $272 was admitted and placed as a credit on the amount set up in the plea of reconvention did not have the effect of conferring jurisdiction on the County Court of the matters set forth in the plea. Gimble v. Gomprecht, 89 Texas, 497; Brigman v. Aultman, 55 S. W. Rep., 509; Cain v. Culbraith, 35 S. W. Rep., 809.

In the case of Gimble v. Gomprecht, supra, the very question suggested by the pleading in this case was passed upon by our Supreme

Court, and it was held that the county court was without jurisdiction over the plea in reconvention.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*