### C. D. WILLIAMSON v. BODAN LUMBER COMPANY.

Decided June 24, 1904.

**Justice Court—Jurisdiction—Counterclaim.**

   Plaintiff having sued for a sum within the jurisdiction of the justice court, defendant pleaded a counterclaim of $628.44 and prayed that plaintiff's claim be deducted from this sum and judgment rendered for defendant for the remainder. Held, that, since such sum was not within the jurisdiction of the justice court, plaintiff's exception to defendant s plea of counterclaim should have been sustained and judgment rendered for plaintiff.

   Appeal from the County Court of Angelina. Tried below before Hon. J. T. Maroney.

   *Guinn, Norman & Guinn,* for appellant.

   *E. J. Mantooth* and *M. M. Feagin,* for appellee.

   GILL, ASSOCIATE JUSTICE.—C. D. Williamson sued the Bodan Lumber Company in the Justice Court on a claim for $158.65 alleged to be the balance due for services rendered.

   Defendant answered admitting that it owed plaintiff $112.25, but averred that plaintiff owed defendant $626.44 as agreed to be due for drugs, moneys, check, etc., used by plaintiff out of the drugstore of defendant of which plaintiff had had charge as manager and salesman. It is averred that this sum was never charged to plaintiff, but is alleged to be due. Of this sum defendant pleads as an offset to plaintiff's demand the sum of $158.65 and in addition urges $200 of the alleged amount remaining due to defendant as a counterclaim for which judgment was prayed. Plaintiff recovered $112.25 in the Justice Court.

   The cause was appealed to the County Court, where a trial de novo was had. Plaintiff excepted to the answer of defendant, as he had done in the Justice Court, on the ground that it urged a claim beyond the jurisdiction of the Justice Court in which the cause originated. The exception was overruled, the cause tried before the court without a jury, and after hearing the facts, judgment was rendered for defendant sustaining the offset to the extent of plaintiff's demand and giving judgment against plaintiff for $200.

   From this judgment plaintiff has appealed and urges here the plea to the jurisdiction.

   We are of opinion the proposition must be sustained. The claim interposed by defendant against plaintiff's demand was a lump sum of $626.44 which it was averred plaintiff had agreed was correct. It affirmatively appeared from the answer that the claim of plaintiff to the extent of $112.25 was just and it was sought to be extinguished by a portion of defendant's claim. In passing on the validity of the offset the justice would have been compelled to inquire into the correctness of the entire claim of $626.44 and appropriate so much of it as was necessary to the extinguishment of plaintiff's demand. In doing this he

must have inquired into the validity of a claim far in excess of his jurisdiction. That this can not be done is settled by the Supreme Court in Gimbel v. Gomprecht, 89 Texas, 497, in which the case of Dolby v. Murphy, 25 Texas, 355, relied on by appellee and apparently followed by the trial court, is discussed and distinguished.

On the authority of Gimbel's case, supra, which we cite without discussion, the judgment is reversed and judgment here rendered against appellee for $112.25 and interest, as prayed for by plaintiff.

*Reversed and rendered.*