## R. V. Dixon v. A. O. Watson.

Decided November 25, 1908.

**1.—Res Adjudicata—Offset and Reconvention—Jurisdiction—Amount in Controversy.**

In an action in the County Court by a landlord against his tenant, the latter pleaded a claim for damages of more than $1,000 for violation of the lease contract, not as offset or in reconvention, but as a plea to the jurisdiction of the court; this plea, being overruled and plaintiff having recovered, the tenant then sued on his claim for damages in the District Court, to which action the defendant plead the County Court judgment as res adjudicata. Held that such claim for damages, not being plead in reconvention in the County Court suit, and being for an amount beyond the jurisdiction of that court, was not and could not be involved in or adjudicated in that proceeding, and it was error to direct a verdict for defendant, the landlord, on his plea of res adjudicata.

**2.—Res Adjudicata—Action on Contract.**

A recovery by a landlord against his tenant on the lease contract was an adjudication of all claims arising on such contract, including damages for failure to exterminate Johnson grass on the cultivated land as agreed, and a bar to subsequent assertion thereof, though such element of damages had not been alleged or considered in the first action.

Appeal from the District Court of Travis County. Tried below before Hon. George, Calhoun.

*L. A. Hill* and *Fiset & McClendon,* for appellant.—A counterclaim or plea in reconvention is in effect a suit against the plaintiff, and where the amount of such counterclaim or plea in reconvention exceeds the jurisdiction of the court in which the suit is pending, such court is without jurisdiction to hear and determine same. Dixon's claim against Watson being for more than $1,000, said court was without jurisdiction to entertain same, and Dixon could not have asserted same in said court had he desired; and if it had been asserted in and determined by said court, such judgment would have been absolutely void. The judgment of the County Court can not, therefore, be asserted as res judicata to said counterclaim. Gimbel v. Gomprecht, 89 Texas, 497; Pennybacker v. Hazlewood, 26 Texas Civ. App., 183; Sipley v. Wass, 47 N. J. L., 187; Babcock v. Peck, 4 Denio, 292; Divinny v. Jelly, Tappan (Ohio), 159; Simpson v. Lapsley, 3 Pa. St., 459; Gillum v. Kahnweiler, 2 Pa. Dist., 656.

A judgment is not conclusive as to any matter which must necessarily have been excluded from consideration in the case as being beyond the jurisdiction of the particular court. Bath v. Valdez, 70 Cal., 350; Harris v. Colquitt, 44 Ga., 663; Puterbaugh v. Puterbaugh, 33 N. E., 808, 34 N. E., 611; Sanders v. Soutter, 126 N. Y., 193; Territt v. Cowenhaven, 79 N. Y., 400; Willis v. McKinnon, 75 N. Y. Supp., 770; Craft v. Merchants' Home Ass'n, 127 N. C., 163.

A point or question is not concluded by a judgment if it was withdrawn or abandoned, stricken out on motion, or ruled out by the court, and therefore constituted no part of the verdict or final judgment in the case. Dixon's cross-action was, by the special charge given at Watson's request, expressly taken from the consideration of the jury, and the

judgment could not therefore be an adjudication thereof. Converse v. Davis, 90 Texas, 466; Patrick v. Hopkins County, 6 S. W., 626; Crebbins v. Bryce, 25 Texas Civ. App., 178; Wood v. Cahill, 21 Texas Civ. App., 38.

If a particular point was not in issue in the former suit, either in the face of the pleadings or in the sense of being actually tried as the decisive question in the case, it is not concluded for the purpose of a subsequent suit. Norris v. Belcher Land Co., 98 Texas, 181; Moore v. Snowball, 98 Texas, 16; James v. James, 81 Texas, 373; Linny v. Wood, 66 Texas, 22; American Cotton Co. v. Heiermann, 83 S. W., 845; Hatch v. Hatch, 80 S. W., 411; Dilley v. Ratcliffe, 29 Texas Civ. App., 545; Houston v. Walsh, 66 S. W., 106; Leslie v. Elliott, 64 S. W., 1037; Noel v. Clark, 60 S. W., 356; Moore v. Moore, 52 S. W., 565; Robinson v. Dickey, 14 Texas Civ. App., 70; Gay v. Edwards, 22 S. W., 537.

Defendant Watson, when he brought his suit in the County Court, chose the form in which he would litigate his claim. It was incumbent upon him to assert in that suit whatever claim he had against Dixon arising out of the contract, and, having failed to assert any claim for items which grew out of the very contract which formed the basis of his former suit, the judgment in that suit is res judicata as to said matters, and they can not thereafter be asserted. Cook v. Burnley, 45 Texas, 97; Hatch v. De la Garza, 22 Texas, 176.

*D. W. Doom* and *D. H. Doom,* for appellee.—The jurisdiction of the County Court was fixed by the amount claimed, and not by the value of the property upon which landlord's lien was claimed. Lawson v. Lynch, 9 Texas Civ. App., 582; Irion v. Bexar County, 26 Texas Civ. App., 527; Allen v. Glover, 27 Texas Civ. App., 483. The difference between the claims of the two parties on the mutual account between them was the amount involved, and not the separate amount claimed by either. Duer v. Seydell, 20 Texas, 61; Davis v. Pinckney, 20 Texas, 340; Dalby v. Murphy, 25 Texas, 354. A party can not relitigate matters which he might have interposed but failed to do in a prior action between the same parties in reference to the same subject matter. Freeman v. McAninch, 87 Texas, 132; Hatch v. Garza, 22 Texas, 176; Foster v. Wells, 4 Texas, 101; Weathered v. Mays, 4 Texas, 387; Crane v. Blum, 56 Texas, 325; Thompson v. Lester, 75 Texas, 521; Carson v. McCormick, 18 Texas Civ. App., 225. The fact that the trial court made wrong rulings or charged the jury erroneously were matters to be corrected by appeal or other direct attack on the judgment. Cook v. Carroll, 6 Texas Civ. App., 326.

If the court properly instructed the jury on the question of res adjudicata to find for the defendant, then its rulings as to additional claims set up by defendant Watson were immaterial, and if the whole matter was not res adjudicata between the parties, then either party could set up additional setoffs.

RICE, ASSOCIATE JUSTICE.—Appellant, who was plaintiff below, sued appellee for the recovery of the sum of $2,426.82 as damages for the alleged breach of a lease contract. It appears from the evidence that in December, 1902, appellant rented from appellee 450 acres of land in

Hays County, for a period of time extending from December 16, 1902, to December 15, 1903, 150 acres of which was tillable land and the balance hay land, agreeing to pay appellee as rent therefor one-fourth of the cotton and cotton seed grown upon said 150 acres, and $3.50 per acre for all of said 150 acres planted in other crops than cotton; that as to said grass land it was stipulated that the same was to be prepared by plaintiff, the hay harvested therefrom in season and baled, all of which was to be done at plaintiff's expense, and that, after harvesting, the hay saved was to be graded into first, second and third-class lots, both as to Johnson grass and prairie hay, the classes of which were set out and designated in said contract, which appellant obligated himself to sell and deliver to appellee at certain specified prices for each class. There was also a stipulation in said contract whereby appellant bound himself to properly cultivate said land and to plow and kill out certain patches of Johnson grass upon said tillable tract.

The appellant, in accordance with said contract, took possession of said premises, and during said time raised a crop of corn and cotton on said 150 acres, and prepared said grass land and harvested crops of hay therefrom, paying to appellee at various times during the fall of 1903 the rents from said 150 acres and delivering certain portions of the hay so harvested from the 300 acres.

On January 14, 1904, while a large part of the hay crop was in ricks on the premises and still undelivered, and a certain part thereof stored in appellee's warehouse at Buda, a nearby station, for shipment, appellee brought a suit against appellant and others in the County Court of Travis County, based on said contract, in which appellee sought to recover the sum of $1,228.55, on account less admitted credits, bringing balance within the jurisdiction of said court, all of which was alleged to be for supplies and advances furnished appellant by appellee to enable him to make said crop, except an item of $140, alleged to be due for rent of corn land, but which account was credited by appellee with $616.85, being the cash value of certain hay admitted to have been delivered by appellant prior to the filing of said suit. Appellee likewise at the same time sued out in said cause a writ of sequestration, which was levied by the officer upon said hay at Buda and on the premises as aforesaid, all of which was subsequently sold out under orders of the court.

Appellant answered in said suit, setting up that the matters and things in controversy amounted to more than $1,000, and was in excess of the jurisdiction of the County Court, praying to be dismissed therefrom on said account. Said plea to the jurisdiction was overruled and the other parties defendant dismissed, and on the trial appellee, who was plaintiff in the County Court suit, recovered judgment against appellant for the sum of $657.51, which judgment was thereafter duly credited with the amounts received from the sales of hay levied upon under said writ of sequestration. Said County Court judgment is shown to have been final.

Appellant, after the termination of said County Court suit, and on to wit, the 19th day of November, 1906, filed this suit in the District Court of Travis County against appellee, basing his right to recover upon said contract, alleging a compliance therewith on his part and a

breach thereof on the part of appellee, claiming that he was entitled, by reason of said contract at the time that said County Court suit was filed, to continue to deliver the hay then on hand to appellee, and to receive therefor the stipulated price, the amount so sought to be recovered as damages for said breach being $2,426.82.

Appellee, besides a general demurrer and general denial, plead res adjudicata and certain offsets arising from the alleged breaches of said contract on the part of appellant relative to a failure to destroy the Johnson grass.

To this answer appellant demurred generally and specially, and answered by general denial and special plea, in effect that, if any of the items sued upon had been adjudicated, only a portion, naming such portion, was so adjudicated and further pleading res adjudicata to the counterclaim and limitation as to some of the items thereof.

All demurrers and exceptions of both parties were overruled, and there was a jury trial. At the completion of the evidence the court held that plaintiff's entire cause of action was subject to defendant's plea of res adjudicata, and thereupon instructed the jury to return a verdict for appellee, which was accordingly done, from which this appeal is prosecuted.

Appellant by his first assignment of error complains of the action of the court in peremptorily instructing the jury to return a verdict for appellee, insisting by his proposition thereunder that the matters adjudicated in the County Court suit were not res adjudicata as to the controversy involved in the present suit. It will be recalled that appellant, who was defendant in the County Court suit, did not plead the matters involved in the present suit in offset or reconvention, but only plead the same to the extent and for the purpose of defeating the jurisdiction of the County Court; and on the trial in the County Court, at the instance of appellee, the jury were instructed that as defendant, meaning appellant, had not plead the value of the hay upon the premises and at Buda in setoff to the plaintiff's demand, that the same could not be considered by the jury for any purpose, and to disregard the same. We do not believe that appellant was bound in the County Court to have asserted his plea in reconvention or setoff, but had the right to decline to do so. He .could not in that case, it appears from the evidence, have plead the same in reconvention, for the reason that the amount involved was in excess of the jurisdiction of the court. It is held that a counterclaim or plea in reconvention is, in effect, a suit against the plaintiff, and that where the amount of such counterclaim or plea in reconvention exceeds the jurisdiction of the court in which the suit is pending, such court is without jurisdiction to hear or determine the same. (Gimbel v. Gomprecht, 89 Texas, 497; Pennybacker v. Hazlewood, 26 Texas Civ. App., 183; Sipley v. Wass, 47 N. J. L., 187; Babcock v. Peck, 4 Denio (N. Y.), 292; Divinny v. Jelly, Tappan (Ohio), 159; Simpson v. Lapsley, 3 Pa. St., 459; Gillum v. Kahnweiler, 2 Pa. Dist., 656.)

Since the appellant in the County Court case, even if he had desired, could not have plead in reconvention his cause of action now asserted, because the same was in excess of the jurisdiction of the court, and because it further appeared that no part thereof was in fact asserted or

adjudicated in the County Court, but the jury were expressly directed that they could not consider the same or any part thereof, we hold that appellee's plea of res adjudicata ought not to have been sustained, and that the court below erred in directing a verdict in behalf of appellee based thereon. (Converse v. Davis, 90 Texas, 466; Patrick v. Hopkins County, 6 S. W., 626; Crebbins v. Bryce, 24 Texas Civ. App., 532; Wood v. Cahill, 21 Texas Civ. App., 38.)

Among other defenses asserted appellee claims damages against appellant for his alleged failure to properly cultivate said land and to keep down the Johnson grass thereon, as he had agreed to do, to which appellant addressed a special demurrer to the effect that appellee having failed to assert this claim in the County Court suit, which was based upon said rental contract, the judgment in that suit is res adjudicata as to said matter; but this demurrer was overruled, and on which action of the court he assigns error. We are inclined to believe that this demurrer ought to have been sustained. The rule seems to be that whatever could have been set up in the court below should have been, and a determination had thereon; and appellee's failure to assert such claim in the County Court suit would preclude his right to recover here. (Cook v. Burnley, 45 Texas, 97; Foster v. Wells, 4 Texas, 101; Hatch v. De la Garza, 22 Texas, 177.)

For the errors pointed out the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.