## JOHN E. MORRISON CO. v. HARRELL.

(Court of Civil Appeals of Texas. El Paso.
May 30, 1912. Rehearing Denied
June 19, 1912.)

1. APPEAL AND ERROR (§ 792*)—DISMISSAL.

It is improper to dismiss an appeal from a judgment of a county court on appeal from a justice court because the transcript of the record fails to show an appeal bond or affidavit in lieu thereof perfecting an appeal to the county court without first calling appellant's attention to the fact that the record fails to disclose jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3137–3141; Dec. Dig. § 792.*]

2. JUSTICES OF THE PEACE (§ 45*)—JURISDICTION—AMOUNT IN CONTROVERSY.

In an action for rent, a cross-action pleading $487.05 damages through plaintiff's failure to repair, and asking judgment canceling the rent account "and for the further sum of $200 damages, the same being the jurisdictional amount of the justice court," states a cause of action beyond the jurisdiction of a justice.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 173–175; Dec. Dig. § 45.*]

Supplemental petition. Trial judgment affirmed.

For former opinion, see 146 S. W. 702

See, also, 139 S. W. 1166.

B. F. Thorp and B. F. Reynolds, both of Throckmorton, Arnold & Arnold, of Graham, and Loomis & Knollenberg, of El Paso, for appellant. Counts & Counts, of Olney, and R. B. Humphrey and C. J. Henson, both of Throckmorton, for appellee.

HIGGINS, J. [1] Upon a former day of this term this appeal was dismissed upon the ground that the transcript of the record must have affirmatively shown that the trial court had jurisdiction of the cause, and, the record failing to disclose an appeal bond or affidavit in lieu thereof perfecting the appeal from the justice court to the county court, it therefore did not disclose that the trial court had jurisdiction. 146 S. W. 702. Appellant thereupon filed motion alleging that the appeal to the county court had been duly perfected by the filing and approval of the bond required by law in the justice court. A diminution of the record was suggested, with prayer that the cause be reinstated and a writ of certiorari issued to perfect the record by bringing up and filing in this court a certified copy of said appeal bond. This motion was overruled; the court being of the opinion that the petition for certiorari came too late. Thereafter the decision of the Supreme Court in the case of Wells v. Driskell appeared in the advance sheets of the Southwestern Reporter in volume 145, p. 333, and, attorneys for the appellant having called our attention thereto, we are of the opinion that it was error to dismiss the appeal without having first called the attention of the appellant to the fact that the record failed to disclose that this court had jurisdiction of the

cause. We think the same principle involved as was involved in the case just cited. We have therefore of our own motion, set aside the order of dismissal, and have ordered issued a writ of certiorari directed to the clerk of the lower court, commanding him to send up as part of the record herein a certified copy of the appeal bond which was filed in the justice court whereby the appeal was perfected from that court to the county court of Throckmorton county. In response to the writ a duly certified copy of such bond has been here filed, and it appears that the appeal from the justice court to the county court was regularly perfected, and the cause is now before us for consideration upon its merits.

[2] Appellee in his petition alleged that the appellant was indebted to him in the sum of $140 as rental for a building belonging to him and occupied by the appellant from May 1, 1910, to August 1, 1910. The notations upon the justice's docket disclose that appellant answered by general denial and reconvened for damages in the sum of $275 alleged to have been caused by the defective condition of the rented premises, and it appears that on November 1, 1910, the court sustained exceptions to the cross-action on the ground that the same was not within the jurisdiction of the court, and appellant then amended and alleged its damage in the sum of $200. Thereafter, on November 2d, appellant filed in the justice court written pleadings upon which the cause there and in the county court appears to have been tried. Appellant in this written pleading alleges that from the 15th day of March, 1908, until the 15th day of March 1910, it was occupying as the tenant of appellee the premises upon which appellee was then suing for rent; that it was engaged in conducting therein a mercantile business, and by the terms of the written contract between the parties it was the duty of appellee to keep the building in a good state of repairs so that appellant's stock of goods would be protected from storms and rain; that appellee failed to keep the same in good repair, and on November 28, 1909, a very heavy rain fell, and, by reason of the defective condition of the roof of the building, certain of its goods, wares, and merchandise ,were damaged, to its damage in the sum of $487.05; that its tenancy under the written contract of lease expired on March 15, 1910, and that on April 5th of said year, while occupying the building as a tenant from month to month, another rain fell, injuring its goods, wares, and merchandise, to its damage in the sum of $45.01, and it prayed that it have judgment against plaintiff, canceling his rent account, "and for the further sum of $200 damages, the same being the jurisdictional amount of the justice court," and for general and special relief.

As stated in the original opinion herein rendered, appellee recovered a judgment for the sum of $79.25, and the various assignments of error of the appellant relate entirely to its cross-action. We deem it unnecessary to pass upon the merits of these various assignments of error, for the reason that, whether they be meritorious or not, the cross-action was one which could not be asserted by the appellant because it was beyond the jurisdiction of the justice court in which the suit originated, and, since that court had no jurisdiction of the counterclaim, the county court acquired none upon appeal. This question has been directly passed upon by our courts in quite a number of cases, and is no longer an open question in this state.

In Williamson v. Bodan Lumber Co., 36 Tex. Civ. App. 446, 82 S. W. 340, it is said: "Williamson sued the Bodan Lumber Company in the justice court on a claim for $158.65 alleged to be the balance due for services rendered. Defendant answered, admitting that it owed plaintiff $112.25, but averred that plaintiff owed defendant $626.44, as agreed to be due for drugs, moneys, check, etc., used by plaintiff out of the drug store of defendant, of which plaintiff had had charge as manager and salesman. It is averred that this sum was never charged to plaintiff, but is alleged to be due. Of this sum defendant pleads as an offset to plaintiff's demand the sum of $158.65, and, in addition, urges $200 of the alleged amount remaining due to defendant as a counterclaim, for which judgment was prayed. Plaintiff recovered $112.25 in the justice court. The cause was appealed to the county court, where trial de novo was had. Plaintiff excepted to the answer of defendant, as he had done in the justice court, on the ground that it urged a claim beyond the jurisdiction of the justice court, in which the cause originated. The exception was overruled, the cause tried before the court without a jury, and, after hearing the facts, judgment was rendered for defendant, sustaining the offset to the extent of plaintiff's demand, and giving judgment against plaintiff for $200. From this judgment plaintiff has appealed, and urges here the plea to the jurisdiction. We are of opinion the proposition must be sustained. The claim interposed by defendant against plaintiff's demand was a lump sum of $626.44, which, it was averred, plaintiff had agreed was correct. It affirmatively appeared from the answer that the claim of plaintiff, to the extent of $112.25, was just, and it was sought to be extinguished by a portion of defendant's claim. In passing on the validity of the offset, the justice would have been compelled to inquire into the correctness of the entire claim of $626.44, and appropriate so much of it as was necessary to the extinguishment of plaintiff's demand. In doing this, he must have inquired into the validity of a claim far in excess of his jurisdiction. That this cannot be done is settled by the Supreme Court in Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470, in which the case of Dalby v. Murphy, 25 Tex. 355, relied on by appellee, and apparently followed by the trial court, is discussed and distinguished. On the authority of Gimbel's Case, supra, which we cite without discussion, the judgment is reversed, and judgment here rendered against appellee for $125.25 and interest, as prayed for by plaintiff."

Cain v. Culbreath, 35 S. W. 809, was a suit by appellant in justice court against appellee on account, for rent, $75, $10.75 for advances, and on open account for $69.45. Distress warrant issued for the rent and advances. Defendant answered by setting up counterclaim for work and labor for plaintiff done on the premises for $192; that the writ was wrongfully issued, and that the levy on his crop damaged him, to the value thereof, $180; and for punitive damages growing out of the writ, $100. There was judgment in the justice court on these issues in favor of Culbreath, the defendant, for $124.50, from which the plaintiff appealed to the county court, where the same issues were tried by the court without a jury. The court adjusted the claims of the parties, allowing plaintiff nothing for rent, holding, with defendant's plea, that he was not a tenant of plaintiff, but in possession under verbal contract of sale, finding for plaintiff $69.45 on the open account, and $10.70 for the advances, making a total for plaintiff of $80.15. The court, on defendant's counterclaim, awarded him as damages to his crop $50, for improvements on the farm on the charge of "work and labor done" $141.60, and vindictive damages, $50, a total of $241.60 for defendant, and, after deducting the amount found for plaintiff, gave judgment for defendant for $161.55. In that case the question was not raised by any assignment of error, but it was properly regarded by Judge Collard as fundamental in its nature, and he reversed and remanded the case, stating his reasons as follows: "There is no assignment of error on the point, but we think there was fundamental error, which requires a reversal of the judgment in the county court, and remanding the case. The justice's court had no jurisdiction of the claim of defendant set up as a counterclaim. The justice's court could not litigate a claim, however or whenever set up, that exceeded $200 in amount (Const. art. 5, § 19; Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470, decided by state Supreme Court May 4, 1896); and the county court could not acquire jurisdiction of appeal of the matters in suit by defendant in the justice's court. The county court, as did the justice's court, had jurisdiction of the plaintiff's claim, but not of the amount claimed in the cross-suit of defendant. The amount claimed by defendant, be-

fore it could be allowed, had to be litigated and established by judgment of the court; and, as we have seen, the justice's court had no jurisdiction to litigate the matters set up. The judgment of the county court is therefore reversed, and the cause remanded."

The following authorities are also directly in point, viz.: Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470; Pioneer, etc., v. Wilson, 39 S. W. 1095; Rylie v. Elam, 79 S. W. 326; Brigman v. Aultman, 55 S. W. 509; Pennybacker v. Hazlewood, 26 Tex. Civ. App. 183, 61 S. W. 153; Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S. W. 100.

Since the court had no jurisdiction over the counterclaim, it follows that any errors committed in relation thereto are necessarily harmless, and there being no assignment in relation to the claim of the appellee for rents, upon which judgment was rendered, the judgment is therefore affirmed.