## RUSSELL v. SAFFOLD. (No. 6248.)

(Court of Civil Appeals of Texas. Austin. Nov. 10, 1920.)

**1. Sales �kö421—Refusal of special charge on offer and acceptance not error, where evidence made no such issue.**

In an action for damages for seller's breach of sale contract by failure to deliver, *held* under the evidence, that it was not error to refuse a special charge on the doctrine of offer and acceptance to complete a contract.

**2. Sales ⊚ko421—Failure to submit issue of buyer's diligence in minimizing loss not error, where evidence makes no such issue.**

In an action for seller's breach of sale contract, it was not error to refuse a request to submit the issue of buyer's diligence to minimize and lessen the damages, where the evidence made no such issue; the contract being for immediate delivery and the evidence showing prompt purchasing at best obtainable price immediately after breach.

**3. Justices of the peace ⊚ko44(10)—Jurisdictional amount determined by total damages, and not by subtracting liquidated demand as set-off.**

Where buyer brought suit in a justice court with jurisdiction limited to $200, for the unliquidated sum of $325.50 damages for seller's breach in failing to deliver, crediting defendant with $150 liquidated demand for goods received, but without alleging agreement to accept the last-named sum as payment to claim suit on, the $325.50 was the amount in suit, and was beyond jurisdiction.

**4. Justices of the peace ⊚ko141(4)—Where justice court had no jurisdiction, county court had none on appeal.**

Where the justice court had no jurisdiction of plaintiff's demand, the county court had none on appeal, so that the cause must be dismissed, but where defendant's counterclaim was within the jurisdiction of both courts, and was substantially admitted, and its amount ascertained by the jury, judgment should be rendered therefor.

Appeal from Bell County Court; M. B. Blair, Judge.

Suit by A. F. Saffold against B. V. Russell. Judgment for defendant in the justice court, and upon appeal to the county court judgment was rendered for plaintiff, and defendant appeals. Reversed and dismissed in part and rendered in part.

---

Lewis H. Jones, of Belton, for appellant.
Jno. B. Daniel, of Temple, for appellee.

BRADY, J. Appellee brought this suit against appellant in the justice court, alleging that he had purchased from defendant 31 bales of cotton at an agreed price, which contract was breached by defendant, and that he was compelled to go into the open market and .purchase cotton at the best price obtainable to fulfill the contract. He alleged that his total damages, at the time of the breach and purchase by him on the market, amounted to $325.50. He alleged, however, that at the time his cause of action arose he was indebted, and was ,still indebted, to defendant in the sum of $150, for the value of one bale of cotton, which defendant had previously delivered to him, and the proceeds of which plaintiff had received and held for defendant's account. This amount he deducted from his original claim for damages, leaving a balance of $175.50 as actual damages, for which alone the plaintiff sued.

Among other defenses, the defendant filed a plea to the jurisdiction of the court, and reconvened by way of cross-action for $151.50, which was for the same bale of cotton which plaintiff had admitted he had sold and had received the proceeds, and with which he had credited defendant upon his claim for damages.

The judgment in the justice court was that the plaintiff take nothing by his suit, and that defendant recover the full amount of his cross-action. The case was appealed to the county court, and there, upon the same pleadings, it was submitted to a jury on special issues, and resulted in a judgment for the plaintiff for $158.50, from which appellant has prosecuted this appeal.

## Opinion.

There are three assignments of error. set up in the brief, which, for convenience, will be considered out of their order.

[1] The second assignment is to the effect that the trial court erred in refusing to give a certain special charge and special issues in connection therewith. This charge and the issues submitted therewith in effect defined the doctrine of offer and acceptance to complete a contract, and embraced the questions as to whether or not appellee accepted the offer of appellant in the very terms of the proposition, and whether or not appel-.lant had revoked or withdrawn the offer befor acceptance or action thereon.

Assuming that the charge and special issues in question were in proper form, we think they were properly* refused, because they do not appear to have had any proper relation to any issue of fact made by the evidence. We have carefully examined the testimony set out in the statement under this assignment, and we fail to see wherein it raised the issue that there had been no acceptance of the offer of sale, or that it had been withdrawn or revoked prior to the closing of the contract. Such testimony, in connection with the admissions of appellant in the statement of facts, clearly shows that it related to a dispute over the grade of the cotton which was tendered in fulfillment of the contract, and not to the question of a failure of the minds to meet on the contract. In other words, this testimony had relation to the delivery of the cotton, and not to the making of the.contract. The court did submit to the jury the specific question as to whether or not the contract had been entered into as alleged in plaintiff's petition, and the jury answered affirmatively. For the reasons indicated, this assignment will be overruled.

[2] The third assignment of error complains of the refusal of the trial court to submit, at the request of appellant, the issue of diligence by appellee to minimize and lessen the damages alleged to have resulted from a breach of the contract. We have considered the testimony ·set forth in the statement under this assignment in connection with the other evidence contained in the statement of facts, and we fail to find that there was testimony substantially raising any such issue. The contract was one for immediate delivery, and the undisputed evidence shows that appellee, upon being apprised that appellant refused to make delivery of the cotton, promptly purchased at the best price obtainable, which was the reasonable market value at the time of the breach or immediately .thereafter. The assignment is overruled.

[3] The first assignment raises a question of jurisdiction. Appellant insists that the trial court should have given a requested instruction, charging the jury that the amount in controversy was more than $200, and, the case having originated in the justice court, it was beyond the jurisdiction of that court, and therefore beyond the jurisdiction of the county court on appeal. The requested charge asked for a dismissal of the case and the discharge of the jury.

The propositions of appellant under this assignment may be summarized in the statement that the case as filed was beyond the jurisdiction of the justice court, because the statement and demand filed by plaintiff and the citation issued showed that the amount in controversy was more than $200, in' that it showed damages sustained by plaintiff for breach of contract in the amount of $325.50, and that the credit thereon by plaintiff of a debt admitted to be due by him to defendant . in the sum of $150 did not lessen the amount which was put in issue by ·the pleadings. The account and demand of appellee, Saffold, as filed in the justice court, shows a statement of the contract with Russell for the purchase of 31 bales of cotton, and that he

had sustained damages by the breach thereof in the sum of $325.50, and that he had credited such claim with the value of one bale of cotton previously shipped by appellant to him, and for which he owed appellant; but the demand expressly alleges a balance due appellee of only $175.50, and it was for this amount alone that he sued. To this pleading appellant, Russell, urged a plea to the jurisdiction, and denial of the right of the plaintiff to arbitrarily apply the credit of $150, a liquidated demand, upon his alleged damages for breach of contract, an unliquidated demand, because they were distinct and different transactions.

The further defensive pleas were a general denial and a plea in reconvention by way of cross-action to recover the value of the bale of cotton credited by plaintiff upon his original claim for damages.

We have reached the conclusion that appellant's contention is correct, and that the trial court was without jurisdiction. We base this holding upon the following authorities: Section 19 of article 5, state Constitution; Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470; Morrison v. Harrell, 148 S. W. 1122; Pioneer v. Wilson, 39 S. W. 1095; Rylie v. Elam, 79 S. W. 326; Brigman v. Aultman, 55 S. W. 509; Pennybacker v. Hazlewood, 26 Tex. Civ. App. 183, 61 S. W. 153; Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S. W. 100; Cain v. Culbreath, 35 S. W. 809; also cases cited in footnote 37 L. R. A. (N. S.) 611–614. They are all substantially to the same effect; and the reasons for holding that, where the defendant pleads in reconvention a claim for damages in excess of the amount of which the court has jurisdiction and seeks to reduce the same to an amount within the jurisdiction, by crediting or offsetting the amount of the plaintiff's demand, the full amount is thereby placed in controversy, are well stated by the Supreme Court in Gimbel v. Gomprecht:

"The amount in controversy was the damages claimed in that plea; that is, the actual damages, $797.21, and exemplary damages, $966, aggregating $1,763.21; the fact that the debt of the plaintiffs was admitted to be due and agreed to be taken as a credit upon the claim set up by the defendants did not lessen the amount which was put in controversy by that plea. Under their plea, the defendants must establish their damages before they were entitled to have the amount of the plaintiffs' debt satisfied by their damages so recovered. By the proceeding here sought to be maintained the court *inquired into the plaintiffs' liability for the* damages to the amount of $1,763.21, upon the ground that, when established, that amount would liquidate the indebtedness of the defendants to the plaintiffs. The defendants' claim for damages did not operate as an extinguishment of the plaintiffs' debt, nor did the plaintiffs' debt operate as an extinguishment pro tanto of the defendants' claim for damages. The two classes of claims were not such as of themselves would have the effect to extinguish each other

until ascertained by the court and by *its judgment thus applied.*" (Italics ours.)

It is true that it is a general rule, recognized by the authorities in this state, that where the jurisdiction depends upon the amount in controversy the question is ordinarily determined by the amount of plaintiff's demand, without regard to the amount found by the court or jury. In determining whether a counterclaim or demand of a defendant by way of reconvention or cross-action is within the jurisdiction of a court, the question must be tested by the same rules or principles as govern a plaintiff's demand, because the counterclaim or cross-action is in effect a suit against the plaintiff. However, the general rule just stated has its exceptions and besides is not applicable here. The cases cited, illustrated forcibly by the statement in Gimbel v. Gomprecht, hold substantially that it is the cause of action asserted by the party which is sought to be litigated or required to be adjudicated that determines the jurisdiction, and not the amount for which he prays judgment. The reasoning of these cases leads to the conclusion that the instant case is not to be distinguished in principle. In each of them the defendant sought to escape the objection of no jurisdiction by crediting the plaintiff's demand upon his own, thus extinguishing the plaintiff's claim and pro tanto his own, and praying only for a balance within the jurisdiction of the court. It was held that such a plea necessitated an inquiry into the validity of his entire claim, as a basis for his right to thus extinguish the plaintiff's demand and reduce his own. This seems exactly what the plaintiff here has sought to do. Holding a claim for damages, which the defendant did not recognize, in 'an amount beyond the jurisdiction of the justice court, he, without agreement with and without the consent of the defendant, undertook to extinguish his claim by applying it as a credit on his own. This we conceive he had no right to do until he had established the validity of his claim. It being contested, the defendant had the right to put the entire claim in issue in a court of competent jurisdiction by defensive pleas, and also to urge his admitted indebtedness as a counterclaim or in reconvention, free from any claim by the plaintiff by virtue of his previous unauthorized act in applying it as a credit on a nonadmitted unliquidated demand.

In the footnote of 37 L. R. A. (N. S.) supra, 611, the editor states the rule which we regard as sustained by the weight of authority, and by practically all the Texas decisions. Upon the question of jurisdiction, where a balance within the jurisdictional amount is claimed, it is there said:

"The better considered cases hold that where the claims are entirely independent, and where there has been no previous agreement to accept

the claim set forth by the defendant as payment of the claim sued upon by the plaintiff, and therefore it becomes necessary to adjudicate or pass upon the entire claim, the court does not acquire jurisdiction to grant an affirmative judgment, even though the balance is within the jurisdictional amount. * * *"

We are prepared to concede that if the defendant in this case had agreed to the appropriation and extinguishment of his debt by plaintiff prior to the suit, the whole matter placed in controversy would have been the balance claimed by plaintiff. But this is not the case, and plaintiff's own pleadings show that he continued to recognize an existing indebtedness to defendant of the amount which he sought to apply as credit on his own demand, at the very time he filed his demand in the justice court. His written petition plainly shows this, and certainly it is not alleged that the defendant had consented to the application of his debt as a credit. In these circumstances, we think it plain that the amount placed in controversy, and into which it was necessary for the trial court to inquire, under the issues made, was the full amount of the plaintiff's demand, which was in excess of its jurisdiction.

[4] We hold that the justice court had no jurisdiction of the plaintiff's demand, and that the county court had none on appeal, and therefore the case will be reversed, and, as to the appellee's cause of action, dismissed. However, the counterclaim asserted by the appellant was within the jurisdiction of both courts, and his claim having been substantially admitted by appellee, and having been ascertained by the jury as amounting to $151.50, we now, under the authority of the statute requiring us to render the judgment which should have been rendered by the court below, here render judgment for appellant for such sum, with legal interest from the date of this judgment, and for all costs, including the costs of the appeal.

Reversed and dismissed in part, and in part reversed and rendered.