## NICHOLS v. ELLIS. (No. 1375.)

(Court of Civil Appeals of Texas. El Paso. Dec. 14, 1922.)

1. Courts ⬳170—Petition failing to allege value of mortgaged property in action to foreclose in county court held insufficient to state cause of action.

The petition, in an action to foreclose a mortgage lien in the county court, failing to allege the value of mortgaged property, *held* not to state a cause of action.

2. Courts ⬳169(5)—Amount put in issue by cross-action held to exceed jurisdiction of county court.

Where, in an action in the county court on a note to foreclose a mortgage and for goods sold and delivered, defendant set up a counter-claim for damages of $1,400.35, of which he sought to offset $454.75 against the note sued upon and to recover the further sum of $945.-60, *held*, that the amounts put in issue by defendant exceeded the jurisdiction of the court.

3. Appeal and error ⬳20—Appellate jurisdiction depends on jurisdiction of lower court.

Where neither the petition nor the answer bring the matters in controversy within the jurisdiction of the trial court, the court on appeal has no jurisdiction.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Action by S. S. Nichols against L. A. Ellis. From a judgment for defendant, plaintiff appeals. Remanded, with instructions.

Gold & Kroeckel and Nealon & McGill, all of El Paso, for appellant.

Croom, Goldstein & Croom, of El Paso, for appellee.

WALTHALL, J. In this case, appellant, S. S. Nichols, sued appellee, L. A. Ellis, upon a promissory note, dated February 20, 1920, due and payable February 3, 1921, in the principal sum of $454.70, with interest at 8 per cent. from its date and for 10 per cent. thereon as attorney's fees, and for the foreclosure of a chattel mortgage, executed and delivered by appellee to appellant upon certain chattels; same being a disk plow, a disk harrow, and a tractor. Appellant also alleged that appellee was indebted to appellant in the further sum of $439.77 for various items of goods, wares, and merchandise sold and delivered to appellee by Roe-Kibbe Company and for labor and services performed for appellee, and transferred and assigned to appellant before the commencement of the suit.

[1] Appellant did not state in his pleadings the value of the chattels upon which he sought to foreclose the mortgage lien.

In his defensive pleadings appellee alleged that appellant sold him said plow, harrow, and tractor for the total agreed price of $1,-819.50, in part payment for which appellee paid appellant $910 in cash and executed and delivered to appellant the note sued on, as well as another note for a like amount of the note sued on, which became due August 3, 1920, and which had been previously paid by appellee. Appellee then made certain allegations as to certain representations and guaranties to said machinery, alleged the breach of said representations and guaranties by reason of the want of adaptability of said machinery for which it was sold, and thereby sought to defeat appellant's cause of action on the note, which we need not more fully state in view of the disposition we have concluded to make of the case, further than to say that in his defensive pleadings appellee made no allegation as to the value of

the said machinery. It is clear that under People's Ice Co. v. Phariss (Tex. Civ. App.) 203 S. W. 66, and the cases there cited, in failing to state the value of the machinery, the petition failed to state a cause of action within the jurisdiction of the county court.

[2] Ellis answered to the merits and set up a cross-action in reconvention. In the answer to the merits he denied, under oath, the justice of the verified account sued upon, and in bar of the suit upon the note set up that the plow, harrow, and tractor were sold to him for $1,819.50, upon certain representations and guaranties with respect thereto, $910 having been paid in cash and the execution of the note sued upon and another note for a like amount payable August 3, 1920, which he had previously paid; that the articles sold did not comply with the representations and guaranties made respecting the same and were of less value than the amount which the defendant had previously paid, wherefore the consideration for the note had failed.

In the cross-action it was set up that the plow, harrow, and tractor were sold for an agreed price of $1,819.50, the plaintiff paying in cash $910, and executing the note sued upon and the note due August 3, 1920, which last note had been previously paid; that said property was sold upon certain representations and guaranties respecting the same; and that it did not comply with the representations made and failed to do the work guaranteed, and that the machinery at the time of the sale was worth only $945, wherefore defendant had already overpaid plaintiff in the sum of $419.75; that by reason of the failure of the machinery to do the work represented and guaranteed that it would do, the defendant lost profits in the sum of $525.85 upon two certain contracts for work which he had entered into, wherefore the plaintiff had become liable to the defendant in said sum of $525.85, wherefore the defendant prayed that the plaintiff take nothing on the unpaid purchase price of the said machinery and that the defendant have judgment against the plaintiff in the sum of $419.75, being the amount paid in excess of its true value and the further sum of $525.85 lost profits.

Upon the answers of the jury to special issues, judgment was rendered that the plaintiff take nothing by his suit and that the defendant recover of the plaintiff the sum of $850.10. From the summary made of the allegations of the cross-action it will be noted that the defendant has in effect alleged a damage by reason of the failure of the machinery to comply with the representations and guaranties made, it being averred that the contract price was $1,819.50 and that the machinery at the time of the sale in fact was worth only $945. The effect of these allegations is to show a damage of $874.50, being the difference in the two amounts. The pleader then alleges that as he has theretofore paid the sum of $1,364.75, he has therefore already overpaid plaintiff in the sum of $419.75. In other words, of the damage thus alleged he seeks to offset $454.75 against the note sued upon and recover the balance, $419.75. The cross-action then proceeds and avers a further damage for lost profits in the sum of $545.85. The various amounts of the cross-action thus aggregate $1,400.35.

That this is the effect of the cross-action is further and even more plainly manifested by the prayer, which is that plaintiff recover nothing on the note sued upon (the amount of which is $454.75), and that the defendant recover judgment against the plaintiff for the said further sum of $419.75 and the further sum of $525.85, or a total of $945.60. It is manifest from this whole cross-action that the defendant has set up a counterclaim for damages aggregating $1,400.35, of which he has sought to offset $454.75 against the note sued upon and recover judgment for the further sum of $945.60.

The following authorities, we think, sustain the view that the several amounts put in issue by appellee's cross-action exceed the jurisdiction of the county court: Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470; Russell v. Saffold (Tex. Civ. App.) 225 S. W. 281; Bishop v. Mount (Tex. Civ. App.) 152 S. W. 442; Wischkaemper v. Allen (Tex. Civ. App.) 221 S. W. 1037; Smith v. Colquitt (Tex. Civ. App.) 144 S. W. 690; Morrison Co. v. Harrell (Tex. Civ. App.) 148 S. W. 1122; Pioneer, etc., v. Wilson (Tex. Civ. App.) 39 S. W. 1095; Rylie v. Elam (Tex. Civ. App.) 79 S. W. 326; Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S. W. 100. That the error is fundamental, see Pennybacker v. Hazlewood, 26 Tex. Civ. App. 183, 61 S. W. 153; Cain v. Culbreath (Tex. Civ. App.) 35 S. W. 809.

[3] Since neither the appellant's petition nor the appellee's answer bring the matters in controversy within the jurisdiction of the county court, the merits of this appeal are not properly before us for consideration. The case is therefore remanded to the county court, with instructions to dismiss the appellant's suit and the appellee's cross-action unless the proper jurisdictional facts shall be made to appear to bring the case within the jurisdiction of that court.

Remanded, with instructions.