## TURNER v. LARSON.
### No. 4225.

Court of Civil Appeals of Texas. Amarillo.
May 7, 1934.

Rehearing Denied June 11, 1934.

Perry T. Brown, of Farwell, and A. D. Smith, of Friona, for appellant.

Sam Aldredge, of Farwell, for appellee.

JACKSON, Justice.

The appellee, a feme sole, as lessor, instituted this suit in the county court of Parmer county against the appellant, lessee, to recover $750 on a written lease duly executed by the parties.

The contract is dated April 28, 1931, and leases to appellant the land therein described "for the term of three (3) years beginning the 15th day of May, A. D. 1931, and ending the 15th day of May, 1934, paying thereon the sum of Two Hundred Fifty ($250.00) Dollars, payable May 15th each year in advance."

The appellant admitted that he executed the contract, took possession of the land by virtue thereof, occupied and farmed it for one year, and had never paid either of the rent installments.

Under these facts the appellee was entitled to a directed verdict for the sum recovered and appellant's assignments attacking the charge of the court as erroneous are therefore immaterial.

In a cross-action filed by appellant he alleged that about August 1, 1932, he was unlawfully and illegally evicted from the premises by appellee and thereby suffered damages in the sum of $1,920. That but for said eviction he would have grown, harvested, and marketed a crop on the premises at the reasonable cost of $424, and that the rent for the three years amounted to $750. He deducted these two items from the $1,920 damages he claimed he had sustained, and sought to recover against appellee a balance of $746.

The court was without jurisdiction of the cross-action as alleged and correctly refused appellant any judgment thereon. Gimbel et al. v. Gomprecht et al., 89 Tex. 497, 35 S. W. 470.

The case was tried before a special judge, for which reason the appellant challenges the validity of the judgment against him.

The record discloses by an agreement executed by the attorneys of the parties that: "The duly elected and qualified county judge of Parmer County, Texas, was disqualified himself to hear and determine this cause, whereupon it is agreed by and between the plaintiff and the defendant in this cause that J. D. Thomas be appointed and he is hereby appointed by said parties to try this cause."

J. D. Thomas took the oath of office and tried the case as special judge, after which appellant, for the first time in his motion for a new trial, claimed that the regularly elected and qualified judge was not disqualified. This contention is not supported by any evidence offered either on the trial or on the hearing of said motion. It is an ex parte statement made by attorneys for appellant in their motion for a new trial, and hence, under the facts revealed by this record, cannot be sustained. Compere v. Girand (Tex. Civ. App.) 42 S.W.(2d) 278.

The judgment is affirmed.