### MANLY v. CITIZENS NAT. BANK IN ABILENE.

### No. 1721.

Court of Civil Appeals of Texas. Eastland.

Nov. 24, 1937.

Stinson, Hair, Brooks &· Duke, of Abilene, for appellant.

Smith & Eplen, of Abilene, for appellee.

GRISSOM, Justice.

The plaintiff (bank), on April 13, 1936, sued the defendant (Manly) in the county court for the principal balance due, together with interest and attorney's fees, on a promissory note for the principal sum of $1,347.31, dated August 15, 1935. Plaintiff alleged that defendant was entitled to credits thereon aggregating $675.

The defendant answered by general demurrer and general denial, and by way of cross-action, counterclaim, and set-off alleged that the note was executed as alleged by plaintiff, and also that a chattel mortgage was executed by defendant to secure plaintiff in the payment of said note, the mortgage being on certain sheep and pelts. Defendant alleged that the bank converted said property and that the value of defendant's interest therein was $2,145; that defendant was entitled to a credit on the note of $51.92, paid by him in cash. Defendant then alleged:

"That by reason of the above credits this defendant is entitled to a total credit on said indebtedness due and owing the plaintiff for the value of his sheep pelts together with the $51.92 in the sum of $1,584.34. That this defendant is entitled to recover against the plaintiff in his cross-action the balance after he has paid the plaintiff the indebtedness due and owing which he alleges to be principal, interest and attorneys fees the sum of $1,584.34, the difference of the value of said property

so converted by the plaintiff herein belonging to defendant the sum of $827.61 and asks and prays the court that he be credited out of the proceeds of the value of his said sheep and pelts for the full amount of indebtedness or claim of the plaintiff of said note which this defendant alleges principal, interest and attorneys fees to be in the sum of $1,584.31.

"That after said sum is credited on the plaintiff's judgment that he have judgment against the plaintiff on his cross action in the sum of $827.61 together with interest thereon at the rate of six per cent per annum from January 1, 1936, and for costs of suit and for general relief."

At the close of the evidence the court instructed the jury to return a verdict for the plaintiff "as sued for," except that a credit for $51.90 be given defendant. Judgment was accordingly entered for the plaintiff for $752.46 and that defendant take nothing by his cross-action. The defendant has appealed to this court.

It is obvious that defendant's cross-action (other than the plea of payment of $51.92) was a suit against the bank for damages for conversion. The damages alleged greatly exceeded $1,000. Defendant sought to recover such damages, apply enough of the recovered damages to discharge plaintiff's debt, and then take judgment against plaintiff for the balance. The county court did not have jurisdiction of defendant's cross-action. The court necessarily would have to adjudicate the question of damages alleged by defendant and find for him thereon before a part thereof could be applied to extinguish plaintiff's debt or its judgment for the debt. The cross-action was a suit in the county court to recover an amount in excess of the jurisdiction of that court. It should have been dismissed. The decision of our Supreme Court in Gimbel & Son v. Gomprecht & Co., 89 Tex. 497, 498, 35 S. W. 470, is decisive of this question, and the following language taken from the opinion therein is applicable to the facts of the instant case:

"The county court has no jurisdiction to try a civil cause in which the matter in controversy exceeds $1,000. Const. Art. 5, § 16. The plea in reconvention filed by the defendants in this case was in effect a suit by them against the plaintiffs, and the amount in controversy was the damages claimed in that plea; that is, the actual damages, $797.21, and exemplary damages, $966,—aggregating $1,763.21. The fact that the debt of the plaintiffs was admitted to be due, and agreed to be taken as a credit upon the claim set up by the defendants, did not lessen the amount which was put in controversy by that plea. Under their plea, the defendants must establish their damages before they are entitled to have the amount of the plaintiffs' debt satisfied by their damages so recovered. By the proceeding here sought to be maintained, the court inquired into the plaintiffs' liability for the damages to the amount of $1,763.21 upon the ground that, when established, that amount would liquidate the indebtedness of the defendants to the plaintiffs. The defendants' claim for damages did not operate as an extinguishment of the plaintiffs' debt, nor did the plaintiffs' debt operate as an extinguishment pro tanto of the defendants' claim for damages. The two classes of claims were not such as of themselves would have the effect to extinguish each other until ascertained by the court, and by its judgment thus applied. * * *

"We therefore answer that the county court had not jurisdiction to entertain the defendants' plea in reconvention in this case, the amount being for a sum greater than $1,000."

Also see Pennant Oil & Gas Co. v. Lightfoot (Tex.Com.App.) 292 S.W. 517; Williamson v. Lumber Co., 36 Tex.Civ.App. 446, 82 S.W. 340; Abilene & S. Ry. Co. v. Bagwell (Tex.Civ.App.) 70 S.W.2d 480 (error dis.); Turner v. Larson (Tex.Civ. App.) 72 S.W.2d 397 (error dis.); Brook Mays & Co. v. Osborne (Tex.Civ.App.) 70 S.W.2d 755; Nichols v. Ellis (Tex.Civ. App.) 246 S.W. 713; Bishop v. Mount (Tex.Civ.App.) 152 S.W. 442; Rylie v. Elam (Tex.Civ.App.) 79 S.W. 326; Clark v. Smith, 29 Tex.Civ.App. 363, 68 S.W. 532; Pioneer Sav. & Loan Co. v. Wilson et al. (Tex.Civ.App.) 39 S.W. 1095; Cox v. Overton (Tex.Civ.App.) 240 S.W. 642; Russell v. Saffold (Tex.Civ.App.) 225 S.W. 281; Pennybacker v. Hazlewood, 26 Tex. Civ.App. 183, 61 S.W. 153.

The judgment for plaintiff on the note is affirmed. The part of the judgment providing that defendant take nothing on his cross-action is reversed and the cross-action dismissed. Dixon v. Watson, 52 Tex. Civ.App. 412, 115 S.W. 100; Article 5539a, Vernon's Ann.Civ.St.

Affirmed in part, and in part reversed and dismissed.