Cecil DAVIS et ux., Appellants,

v.

George PERKINS et al., Appellees.

No. 13279.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 22, 1958.

Rehearing Denied Feb. 19, 1958.

Leo Darley, Uvalde, for appellants.

Crawford & Crawford, Crystal City, for appellees.

POPE, Justice.

Plaintiffs, the administrator and heirs of the David A. Perkins Estate, sued Cecil Davis and his wife for the possession of 6,000 acres of land located in Uvalde County. After a trial before the court, plaintiffs obtained judgment for possession, and also for the sum of $3,266.66 as rent for defendants' use of the land from January 1, 1957, to July 17, 1957, the date of the judgment. Defendants appeal on the point that they had an oral lease for the ranch for the year of 1957, and they also had a cross-action for damages, but none were proved.

Defendants claimed that they made an oral agreement to lease the Perkins Ranch for the year 1957, and that the lease was made with David A. Perkins, who was the agent for and one of the owners of the Perkins Estate. During his lifetime, he was the agent and made the leases each year for the ranch. He died during December, 1956. To prove that he had an oral lease for the ranch, defendant Cecil Davis undertook to testify about a conversation he had with David A. Perkins, deceased, and plaintiffs invoked the Dead Man Statute, Art. 3716, Vernon's Ann.Civ.Stats. The court excluded the evidence. On the bill, Davis testified that he and Dave Perkins agreed in July of 1956 that Davis would have the land for 1957. This evidence was properly excluded. Pennybacker v. Hazlewood, 26 Tex.Civ.App. 183, 61 S.W. 153; accord, Parks v. Caudle, 58 Tex. 216, 221.

Defendant Cecil Davis, to avoid the exclusion of his proof about his oral agreement with decedent, then offered a letter from Mrs. Mary I. Perkins, one of the Perkins' heirs who lived in California. Davis received the letter after the death of David Perkins. The court admitted the letter over the objection that it was hearsay and also violated the Dead Man Statute. However, the court did not regard the evidence as sufficient proof of a lease agreement. Only three sentences in the letter relate to any lease. The first two are: "Dave informed me that the ranch was leased for 1957. I was very happy it was leased." The other is: "Am I right in presuming you are staying on at ranch for 1957?" These three sentences are the sole proof of any agreement for a lease. The first two state no terms and do not even mention the name of the lessee. The second does not make the statement that Davis is the lessee, but asks if he is to be the lessee. If admissible in evidence, the letter is not proof of an agreement.

The judgment is affirmed.